Gregory FREESMEIER, Appellant,

v.

Wilson P. HUNT, Respondent.

No. 36120.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 9, 1975.

James R. Anderson, Webster Groves, for
appellant.

Eugene P. Walsh, Walsh, Howe & Ebert, Clayton, for respondent.

ALDEN A. STOCKARD, Special Judge.

Both the magistrate court and the circuit court dismissed plaintiff's petition for failure to commence his action within the five year statute of limitations and he has appealed. We affirm.

The case was submitted to the circuit court on a stipulation of facts which we summarize sufficiently to present the issue for determination.

On August 13, 1970, plaintiff filed a petition in the magistrate court of St. Louis County alleging that he sustained personal injury and property damage as the result of an automobile collision occurring on August 14, 1965. On August 26, 1970, the clerk of the magistrate court caused a writ of summons to be delivered to the Sheriff of St. Louis County for service on the defendant. Service was to be by process. There was no voluntary appearance of defendant, nor was there any agreement as to the commencement of the suit.

Section 517.020, RSMo 1969, provides:

Suits may be instituted before a magistrate, either by the voluntary appearance and agreement of the parties or by process; and the process for the institution of a suit before a magistrate shall be either a summons or an attachment against the property of the defendant; if by agreement, the action is deemed commenced at the time of filing the case; if by process, upon delivery of the writ to the sheriff to be served; and he shall note thereon the time of receiving the same.

In this case the writ of summons was not delivered to the sheriff to be served until August 26, 1970; five years and twelve days after the cause of action accrued.

Appellant argues that when he filed his petition within the five year period following the accrual of his cause of action, the clerk had a duty to issue the summons forthwith and deliver it to the sheriff for service; that he had no further control over the delivery of the summons; and that he complied with all applicable statutes as fully as was possible for him to do so. He further argues that § 516.120, RSMo 1969, "unqualifiedly entitled a plaintiff to commence civil action within five years of the date that the cause of action arose, and that a strict or literal construction or interpretation" of § 517.020, as above set forth, to require that the summons must be actually and physically delivered to the sheriff within the five year period will deny him "the protection of, and the rights set forth under, the five year statute."

■ "The proper procedure necessary to commence an action is generally regulated by statute [or by rule when so authorized], and the practice varies in the different jurisdictions, and even in the same jurisdiction the steps necessary to constitute commencement of an action or suit may vary for different purposes in different courts, * * *." 1 C.J.S. Actions § 129. What procedural steps are sufficient to constitute a commencement of an action in a circuit court and to toll a statute of limitations does not necessarily apply to a magistrate court. Therefore, the cases cited and relied on by appellant are not necessarily in point.

■ At the time the petition in this case was filed, what was then Rules 41 et seq., known as the Rules of Civil Procedure (now repealed and replaced effective September 1, 1972), governed the practice and procedure in "all suits and all proceedings of a civil nature, legal, equitable and special in the following courts: Supreme Court, Court of Appeals, Circuit Courts, and Courts of Common Pleas." It was further provided that "Where specifically provided, the rules shall govern proceedings in Magistrate Courts." Rule 53.01, entitled "How Civil Actions May be Instituted in Circuit Courts and Courts of Common Pleas," provided, among other things, that "The filing of a petition and suing out of process therein shall be deemed the commencement of a civil action." Not only was there no specif-

ic provision that Rule 53.01 was applicable to magistrate courts, the title of the rule specifically limited its application to circuit courts and courts of common pleas. Therefore, the time when a suit in a magistrate court was to be deemed commenced was governed by the provisions of § 517.020, RSMo 1969.

The effect of appellant's argument is that by judicial construction we should alleviate what he contends to be a harsh result. However, it has been held that the legislature in the exercise of its power to enact statutes of limitations has the authority to fix the date when the statute commences to run, *Laughlin v. Forgrave*, 432 S.W.2d 308 (Mo. banc 1968), and as a corollary it also has the authority to declare what acts constitute the commencement of an action for the purpose of tolling a statute of limitations. Wisely or unwisely, the legislature provided that an action in a magistrate court was to be deemed commenced "upon [the] delivery of the writ [of summons] to the sheriff to be served."

The factual situation before us is that the petition was timely filed, but the writ of summons was not delivered to the sheriff for service until twelve days after the five year period of limitations had expired, and the legislature declared, as a matter of public policy, that an action filed in a magistrate court is not to be "deemed commenced" for the purposes of tolling the statute of limitations until the writ of summons was delivered to the sheriff for service. Under these circumstances we are constrained to rule that plaintiff's cause of action was barred by the five year statute of limitations.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.