STATE of Missouri, Respondent,

v.

Calvin PAYNE, Appellant.

KCD 28694.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

William G. Mays, II, Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

SOMERVILLE, Judge.

An information charged that defendant, "acting in concert with others", stole three diamond rings of a value over fifty dollars which were the property of a jewelry store in Columbia, Missouri (§ 560.156, RSMo 1969, and § 560.161.1(2), RSMo Supp.1975). A jury found defendant guilty as charged and fixed his punishment at four years imprisonment.

Defendant has not questioned the sufficiency of the evidence to support his conviction, thereby eliminating the necessity of an extended statement of facts.

Defendant entered the jewelry store in question in the company of two young women. He and one of the young women proceeded to a glass case where jewelry was displayed. The other young woman engaged a clerk in conversation. Another clerk observed defendant and his female companion standing at the jewelry display case. A dome-shaped glass display fixture,

sitting on the top of the jewelry display case, contained three diamond rings on a black box and other items of jewelry. The three diamond rings were accessible by tilting or raising the dome-shaped glass display fixture. The clerk who had defendant and his female companion under observation saw defendant tilt or raise the dome-shaped glass display fixture and then observed that his female companion had a black box in her hand. The female companion preceded defendant and the other young woman out of the jewelry store. An immediate check of the dome-shaped glass display fixture revealed that the three diamond rings (with an aggregate wholesale value of $455.00) previously exhibited therein were missing.

Defendant raises only one point on appeal, namely, that the trial court erred in giving Instruction No. 6 (MAI–CR 2.10—"Parties: General Responsibility for the Conduct of Others") after having given Instruction No. 5 (MAI–CR 2.14—"Principals: Aiding or Encouraging, Whether Present or Not").

It is unnecessary to delineate the "whereins" and "whys" assigned by defendant in the single point raised by him on appeal, since any ramifications of error presently urged have not been preserved for appellate review. At trial defendant lodged only a general objection to the giving of Instruction No. 6 and in his motion for a new trial merely alleged that "[t]he court erred in submitting Instruction No. 6 to the jury over the objection of defendant's counsel". Rule 20.03 requires, in part, that "specific objections to given or refused instructions and verdict forms shall be required in motions for new trial unless made on the record at the time of trial." Defendant's noncompliance with this rule negates his single point for purposes of appellate review. *State v. Wade*, 535 S.W.2d 492, 497 (Mo.App.1976); *State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976); and Rules 20.03 and 27.20(a). The deluge of cases reaching the appellate level serve to emphasize the necessity of enforcing all applicable rules of procedure. Each rule has been designed to facilitate and expedite the orderly adminis-

tration of justice. A continuing tendency to excuse or overlook noncompliance with them is a "luxury" that can no longer be indulged if the present appellate case load continues. But more importantly, a failure to systematically enforce procedural rules, in a sense, constitutes an abandonment of them which, if continued unrestrained, could eventually lead to procedural anarchy.

Judgment affirmed.

All concur.