STATE of Missouri, Respondent,

v.

Jimmy Darryl POE, Appellant.

No. 37818.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 26, 1977.

Terryl W. Francis, Granite City, Ill., for appellant.

John D. Ashcroft, Atty. Gen., W. Mitchell Elliott, Frank J. Murphy, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Jimmy Darryl Poe, convicted of arson and sentenced to 7 years' imprisonment, has appealed, raising only the question of the admissibility in evidence of exculpatory statements made by defendant. Defendant contests the order overruling defendant's oral motion to suppress the statements.

Defendant was charged with arson of the premises at 3963 Castleman in the City of St. Louis. Experts testified that the fire was incendiary in origin. Insured for $10,-000, the property cost the owner approximately $6,000. The owner owed debts totaling $14,500. The owner had previously employed defendant on various jobs as a subcontractor to do work on other buildings. The owner testified that the day before the fire he gave defendant a key to the premises and sent defendant to look at the property to give owner a price for the work necessary to "fix up" the upstairs. Defendant's presence on the premises at the time the fire broke out is conceded. Witnesses saw two men enter the building, just before the fire broke out, carrying buckets. Three witnesses saw defendant fleeing from the building with his clothes on fire. Defendant was driven from 3963 Castleman Avenue to a hospital, suffering from serious burns. Detectives interviewed defendant at the hospital that evening. Asked how he received the burns defendant stated to the officers that he was at his home in Granite City, Illinois in his garage cleaning paint brushes with paint thinner, at which time a fire occurred; that defendant did not know the owner of the property at 3963 Castleman Avenue and had never met him; that defendant had never been at that address; that defendant was in the St. Louis area that day, bidding on a job in the 4600 block of South Broadway. The owner of the property admitted that after the fire he paid defendant $1,000 (purportedly to com-

pensate him for the injuries he sustained in the fire).

Defendant's first point is that the statements made by him at the hospital should not have been received in evidence because they were taken at a time when police had him in custody and after he had counselled with his lawyer, who advised police that defendant was to make no statements, and after the lawyer had left the hospital. Defendant's second point is that the statements were taken while he was under sedation; that defendant was confused, in great pain, confined and in custody at the time.

These points, advanced for the first time on appeal, have not been preserved for appellate review for three reasons.

First, although defendant made an oral motion to suppress his exculpatory statements, resulting in a hearing out of the presence of the jury, when the trial resumed before the jury defendant made no objection to the officers' testimony relating the statements. In this situation the points sought to be raised here cannot be reached on appeal. *State v. Roberts*, 530 S.W.2d 428, 431[2] (Mo.App.1975).

Second, these points were not included in defendant's motion for new trial. *State v. Gant*, 490 S.W.2d 46, 49[8] (Mo.1973); *State v. Payne*, 548 S.W.2d 269 (Mo.App.1977); *State v. Roberts*, supra, and cases cited, 530 S.W.2d l. c. 431; and numerous citations under Rule 27.20, Note 205, Vernon's Annotated Missouri Rules.

Third, if these points had been included in the motion for new trial they still would not have been preserved because the motion for new trial was not filed within the 10-day period required by Rule 27.20. It was filed on the thirteenth day after verdict. The 10-day rule is mandatory. *State v. Cantrell*, 403 S.W.2d 647 (Mo.1966); *State v. Pedockie*, 391 S.W.2d 255 (Mo.1965). A tardily filed motion for new trial is a nullity and preserves nothing for review. *State v. Brown*, 543 S.W.2d 796 (Mo.App. 1976).

Affirmed.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.