STATE of Missouri, Respondent,

v.

Michael FORD, Appellant.

No. 60851.

Supreme Court of Missouri,
En Banc.

July 17, 1979.
Rehearing Denied Sept. 11, 1979.

Thomas C. Mummert, III, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Michael Ford, convicted of capital murder by a jury in the City of St. Louis and sentenced to life imprisonment, appeals contending (1) his videotaped confession should not have been shown to the jury because it

was not made voluntarily, and (2) color photographs of the victim's body should not have been admitted in evidence because they inflamed rather than informed the jury. Capital murder is punishable by life imprisonment or death, §§ 565.001 and .008, RSMo Supp.1977, and thus appellate jurisdiction lies in this Court under the Missouri Constitution, art. V,[1] § 3 (1970). We affirm.

The issues require little discussion of the facts. As to the crime, suffice it to say that appellant and another man picked up a hitch-hiker late in the day on July 30, 1977, and after some verbal altercations, they prevented him from leaving, punched him around on at least three different occasions, and on the last of these stabbed him repeatedly in the view of eyewitnesses. From the eyewitnesses' reports, police officers were able to arrest appellant and his companion within hours, and early in the pre-dawn hours of July 31 appellant led them to a well in which the body had been thrown. About 10:45 a.m. on July 31, appellant was videotaped at St. Louis Police Headquarters as he confessed the crime. During the process he was advised (for the third time) of his relevant constitutional rights and in each instance appellant stated he understood his rights. He also stated that no promises or threats had been made to him and that he was not under the influence of drugs or alcohol.

At trial, the taped confession was played for the jury and introduced into evidence without objection. Certain photographs of the victim's body were introduced at different times, some over objection. The defense presented no evidence. After the State rested, and out of the jury's presence, appellant was sworn and testified he was knowingly, intelligently and voluntarily choosing not to take the stand at trial. He explained that the videotape confession had presented the incident "exactly how it happened," therefore he did not need to testify at trial. Appellant reiterated he had been promised nothing in return for the videotaped confession.

The jury returned its guilty verdict and sentence for life imprisonment on May 18, 1978. Despite the trial judge's grant of an extra thirty days within which to file a new trial motion (to June 27), appellant's motion for new trial was filed out of time on June 30. The trial judge refused to consider the motion and sentenced appellant on June 30. A notice of appeal was timely filed.

 Appellate counsel[2] first contends that notwithstanding what appellant actually said at the time, the videotaped confession demonstrates appellant had no ability to understand his rights to keep silent and to have an attorney present. Moreover, counsel asserts that appellant underwent a complete change of attitude from belligerent hostility to calm cooperation immediately following his conversation with a police officer in the early morning hours. This sudden change, says counsel, "leads to the conclusion that Officer Antoon promised and convinced appellant that if his involvement did not include beating or stabbing the victim then it would go easier on him." Counsel also avers appellant did not always understand the questions he was asked. Trial counsel failed to preserve such contentions as to the confession by not objecting at trial and by failing to file a timely motion for new trial. *State v. Poe*, 554 S.W.2d 564 (Mo.App. 1977). Nevertheless we examine for "plain error," Rule 27.20(c), and find appellant's arguments completely refuted by appellant's sworn statements to the judge at trial at the time he announced his choice not to testify before the jury.

1. *Garrett v. State*, 481 S.W.2d 225, 227 (Mo. banc 1972), interpreted this Court's exclusive jurisdiction under art. V, § 3, prior to January 2, 1979, as embracing "only those offenses having as alternative punishments life imprisonment or death." Although Missouri's 1975 death penalty law was held invalid in *State v. Duren*, 547 S.W.2d 476 (Mo. banc 1977), the present death penalty statute enacted as part of the 1977 revisions to the homicide laws of Missouri became effective May 26, 1977, some two months before the homicide at issue in this case.

2. Appellant was permitted to appeal as a poor person and new counsel was appointed to represent him.

The contention is quite without merit and of course it cannot be said a "miscarriage of justice" or plain error occurred.

Second, appellant maintains certain photographs of the victim should not have been admitted in evidence. These photos show the upper portion of the victim's body as it appeared in the well, just after it was pulled from the well, and after it was cleaned by the medical examiner. Although objections were raised to the admission of most of these photographs, the point was not preserved on appeal through trial counsel's failure to file a timely motion for new trial. Rules 78.07 and 28.18. Again examining the point for plain error we find this point too is without merit and because no error occurred no manifest injustice nor miscarriage of justice can be said to have resulted. It should first be noted that "because of the superior vantage point occupied by the trial court for balancing the probative value and the prejudicial effect of demonstrative evidence of this type, it is vested with broad discretion in admitting or rejecting such evidence." *State v. Love*, 546 S.W.2d 441, 452 (Mo.App. 1976). Further, the same contention was raised and ruled concerning certain colored slides in *State v. Clark*, 494 S.W.2d 26 (Mo. banc 1973). What the court said in *Clark*, at 30, is both on point and controlling here. The court there stated, "In *State v. Moore*, 303 S.W.2d 60, 65 (Mo. 1957), this Court spoke of admittedly gruesome photographs as follows: 'The rule as to the admissibility *of this sort of visual evidence is well settled.* Demonstrative evidence of this character is admissible if it tends to connect the accused with the crime, or to prove the identity of the deceased, or show the nature of the wound, or throw any relevant light upon a material matter at issue.' We have viewed the slides in this case and they are gruesome. However, we believe they were admissible upon material matters at issue, particularly to prove the element of deliberation." The photographs of the deceased body in this case were relevant to material matters at issue, especially the question of intent and deliberation.

The judgment of the circuit court of the City of St. Louis is affirmed.

BARDGETT, C. J., and DONNELLY, SEILER, WELLIVER and MORGAN, JJ., concur.