Michael FORD, Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 53952.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 26, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Aug. 24, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Henry S. Robertson, Asst. Public Defender, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

DOWD, Judge.

Appellant Michael Ford appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Appellant was convicted by a jury in the Circuit Court in the City of St. Louis of capital murder and was sentenced to life imprisonment without eligibility of parole for fifty years. His conviction was affirmed on direct appeal in *State v. Ford*, 585 S.W.2d 472 (Mo. banc 1979) which contains a statement of facts describing the events leading to the conviction.

On October 15, 1984, appellant filed his Rule 27.26 motion, and on May 18, 1987, he filed his first amended Rule 27.26 motion. An evidentiary hearing was held on all of appellant's contentions and claims on July 31, 1987 in the Circuit Court of St. Louis City before Judge Corcoran. The hearing court on August 27, 1987 issued findings of fact and conclusions of law denying appellant the relief requested in his Rule 27.26 motion, and this appeal followed.

■ We note that appellate review of post-conviction relief sought in a motion to vacate is limited to the determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j) (repealed January 1, 1988). This court will find the findings of the motion court to be clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986).

In his first point on appeal appellant contends the motion court erred in overruling his motion to vacate sentence, because neither his counsel or the trial court initiated any inquiry concerning his competence to stand trial even though the evidence raised a substantial doubt concerning his competence. Appellant further argues his lack of competence to stand trial denied him due process of law, effective assistance of counsel, and the rights to defend in person and to confront the witnesses against him, because his capacity to advise counsel and to assist in his defense was impaired by his fervent belief that he would be acquitted by the divine grace of God.

To prevail on an ineffective assistance of counsel claim, the defendant must show that his counsel's representation fell below an objective standard of reasonableness, and as a result of his counsel's unprofessional errors, his defense was thereby prejudiced and the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *State v. Harvey*, 692 S.W.2d 290, 292 (Mo. banc 1985).

■ The basis of appellant's ineffective assistance of counsel claim is that his counsel failed to make the court aware of his incompetence and failed to inquire into his alleged mental deficiencies. Counsel however has no duty to initiate an investigation of the mental condition of his client absent some showing of mental instability. *O'Neal v. State*, 724 S.W.2d 302, 306 (Mo. App.1987). Appellant's argument is without merit, because an attorney must be given sufficient cause to seek an independent investigation of his client's mental state, and appellant failed to overcome this burden. *Id.* at 305. Sufficient cause for investigation does not exist if an appellant has the present ability to consult with his lawyer with rationality and to understand the proceedings against him. *Shelley v. State*, 655 S.W.2d 126, 128 (Mo.App.1983).

■ In the case at bar, appellant did not present any medical testimony to establish his mental condition at any time before or during his trial or any time after his trial. The record is void of any evidence showing appellant had a history of mental illness or had ever been hospitalized for any mental problems except for some mental examinations at Farmington State Hospital a couple of years prior to his conviction. Appellant submitted no evidence suggesting that the problem requiring the mental examinations at Farmington was not resolved prior to the time of his criminal actions. Counsel, at the outset of his representation of appellant, discussed his mental capacity and the possibility of a mental defense with appellant and his mother, but counsel decided this was not a viable defense in this case. Moreover, appellant assisted his trial counsel in his preparation for trial and at that time appellant did not have "any flights of

fancy or irrationality" during their conversations in the months prior to the trial. Appellant not only was rational and understood the seriousness of the proceedings against him, he provided details and recollections of the events leading to his capital murder charge. If appellant omitted any information while discussing the matter personally with his attorney, he would contact his attorney's office the next day so that he could add or amend anything he believed necessary concerning the sequence of events prior to the murder.

According to appellant's trial counsel, nothing in his investigation or in his conferences with appellant disclosed any indication that appellant had any mental abnormality. Since there was nothing to put counsel on notice concerning appellant's alleged mental deficiencies or instability, and therefore request a court-ordered mental examination of appellant, we hold that trial counsel was not under any duty to request an investigation of appellant's mental state, and his representation of appellant did not fall below the standard of reasonably effective assistance. Moreover, as the evidentiary hearing court correctly concluded, there was nothing in the evidence at the

27.26 hearing suggesting that a mental examination would have disclosed any mental disease or defect.[1]

■ Appellant in his first point further contends that the trial court erred in overruling his motion to vacate sentence, because the trial court failed to initiate, *sua sponte*, any inquiry concerning his competence to stand trial. Appellant failed to raise this issue in his Rule 27.26 motion, his amended 27.26 motion, or at his Rule 27.26 evidentiary hearing, and therefore, this issue may not be considered for the first time on appeal of the denial of postconviction relief. *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App.1986). Even looking for merit in appellant's contention, we find no error on the part of the trial court for not initiating, *sua sponte*, any inquiry concerning appellant's competence to stand trial. Point denied.

Appellant in his second point contends the trial court clearly erred in denying him relief from the disproportionate sentence in comparison to his codefendant's sentence. Appellant further argues he was denied due process and subjected to cruel and

---

1. The evidentiary court explained its conclusion that appellant received effective assistance of counsel despite appellant's belief that he would be acquitted by the divine grace of God stating the following:

   a. With regard to Movant's allegation that Movant's trial counsel was ineffective for failing to request a mental examination, this Court finds no basis for such a finding. The evidence adduced indicates that Movant was examined at some point in his youth for manifestations of hyperactivity. There was no evidence of a prior history of mental illness, hospitalization for psychiatric disorder, or other mental defect. Counsel for Movant indicated that Movant was always lucid and composed during his discussions with Movant in preparation for trial. Mr. Jerger recalls specifically that Movant was intimately involved in the preparation for trial, that he remembered and brought to counsel's attention minute details of the incident that resulted in the criminal charges, and that Movant would telephone Mr. Jerger to emphasize or highlight details of the event which he would recall subsequent to their personal conversations. Counsel for Movant discussed the possibility of a defense of mental disease or defect and reasonably concluded that that particular defense was not available.

   Clearly, where counsel for an accused comes to an honest belief that his client lacks the present capacity for a rational understanding and cooperation in preparation for trial, that counsel must obtain an adjudication of the issue of mental competence of the defendant to proceed. However, Movant herein lacked any significant psychiatric history or apparent psychosis. Movant's examination at Framington for hyperactivity appears to have been resolved long before this criminal matter began. There was no evidence that Movant was incapable of understanding the substance and nature of the proceedings against him or that Movant was incapable of assisting in a significant way in his own defense. There was no evidence adduced at the evidentiary hearing in this matter which challenges the conclusion that this Court is compelled to reach that Movant herein was competent to proceed and to stand trial and that trial counsel was not derelict in his failure to request a competency hearing prior to the commencement of trial. Where defense counsel has no reason to believe that his client suffers from any mental disease or defect, he is not guilty of ineffective assistance of counsel for not requesting a mental examination. [citations omitted].

unusual punishment, because he was convicted of capital murder and sentenced to life imprisonment without eligibility for parole for fifty years while his codefendant was convicted of second degree murder and sentenced to forty years even though the record showed no difference in their prior records and the weight of the evidence indicated his codefendant alone stabbed the victim.

Appellant's contention is without merit, because his sentence was within the provided statutory limits for punishment of capital murder. Capital murder is punishable by death or life imprisonment without probation or parole for fifty years. §§ 565.001, 565.008, RSMo 1978. Appellant's sentence was clearly within the statutory range and so this contention is not a matter to be considered on a Rule 27.26 motion. *Neal v. State*, 703 S.W.2d 570, 572 (Mo.App.1986).

Appellant's disproportionality argument is devoid of merit. Appellant is not entitled to relief, because his codefendant received a lesser sentence. "A sentence cannot be considered to be excessive or disproportionate merely because it is greater than that received by a co-defendant." *Wright v. State*, 738 S.W.2d 478, 483 (Mo. App.1987). The Missouri Supreme Court considers whether the sentence imposed is excessive or disproportionate to the penalty imposed in similar cases only in cases where the death penalty has been imposed. § 565.035.3(3), RSMo Supp.1984. In cases where the death penalty has not been imposed, there is not a similar requirement. Thus appellant's contention fails to state a claim for relief under a Rule 27.26 motion. Point denied.

Finding appellant's contentions to be without merit, we affirm the hearing court's judgment.

STEPHAN, P.J., and PUDLOWSKI, J., concur.