STATE of Missouri, Plaintiff–Respondent,

v.

Clifton Joe POWELL, Defendant–Appellant.

Clifton Joe POWELL, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

Nos. 54561, 56542.

Missouri Court of Appeals, Eastern District, Division Four.

June 19, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1990.

Application to Transfer Denied Sept. 11, 1990.

**506**

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Appellant was charged by information with murder in the first degree in violation of § 565.020.1, RSMo 1986. He was convicted and sentenced to life imprisonment without the possibility of probation or parole. On July 11, 1988, appellant filed a motion pursuant to Rule 29.15 to vacate, set aside or correct his conviction and sentence. A second, handwritten motion, prepared by appellant was also filed and presented to the hearing court. The hearing court denied the motion after an evidentiary hearing. Appellant is appealing both his conviction and the denial of his post-conviction motion. We affirm.

The sufficiency of the evidence has not been questioned. We will, therefore, only briefly review the facts.

Appellant and the victim were distant relatives. On the evening of February 28, 1987, appellant arranged to meet the victim regarding the theft of victim's all-terrain vehicles. Unbeknownst to appellant they were followed by victim's sons, although the sons lost sight of victim's truck sometime around 1:30 a.m.

Victim was discovered later that morning at an abandoned pump house. He had been shot at close range by a shotgun. An autopsy determined he had suffered two wounds, one in the jaw and one in the back, either of which could have caused death. The truck was not found at the scene, but victim's sons saw appellant driving it, without the victim, at a local convenience store.

Appellant drove the truck to the home of Karl Brumbeloe in Houston, Texas. He knew Brumbeloe from classes on the occult both had attended about two years before. After his arrival, appellant removed the Missouri license plates from the truck and replaced them with stolen Texas plates.

Appellant told Brumbeloe he had killed a man in Missouri by shooting him three times with a shotgun. Appellant stated that the victim had been telling the police that appellant had stolen several all-terrain vehicles from him. Appellant also told Brumbeloe that it was a "kick" and a "blast" and that it would be easy to kill another man.

Appellant was identified by police when he attempted to visit his sister in Bastrop County, Texas. A chase began. Appellant eventually lost control of the truck, crashed it into a tree and left the scene. He managed to elude his pursuers for two days but was apprehended on March 6, 1987.

While awaiting trial, appellant shared a cell with Larry Hossler. He told Hossler he had killed his cousin with a sawed off shotgun, that shooting the victim made him feel good and that he was sorry he shot the victim in the face "because it messed up a perfectly good human skull for his black magic." Appellant placed candles around the cell and painted stars on the walls. He told Hossler he was trying to do something "against his main witness, Karl."

Appellant assigns three points of error: first, that the trial court erred in admitting evidence of appellant's religious beliefs because it was irrelevant and prejudicial; second, that the trial court erred in admitting exhibits 27 and 29, photographs depicting the victim's condition, because they were cumulative, repetitious, gruesome, and un-

duly inflammatory; lastly, that the hearing court erred in denying appellant's Rule 29.-15 motion.

Appellant first contends that the trial court erred in permitting the State to elicit evidence of appellant's religious belief in the occult. This evidence, he argues, was irrelevant and highly prejudicial.

The State called Karl Brumbeloe and Larry Hossler to testify. Brumbeloe testified that he met appellant through occult classes they had both attended. He explained that the occult is the study of hidden teachings, including the practice of witchcraft. Brumbeloe testified that he is a pagan who practices witchcraft and that appellant had also practiced witchcraft.

Hossler testified that appellant shared a cell with him in the Warren County jail. Appellant told Hossler that he shot his cousin several times with a 12–gauge sawed off shotgun, but that he was sorry he shot the victim in the face. Appellant also practiced witchcraft in the cell and told Hossler its purpose was to do something to impair the State's principal witness against him.

■ The determination of whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers rests within the sound discretion of the trial judge, whose decision will not be disturbed absent a showing of abuse of discretion. *State v. Simpson,* 718 S.W.2d 143, 147 (Mo.App.1986).

■ Evidence is relevant if it tends to prove or disprove a fact in issue, or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Jackson,* 738 S.W.2d 510, 512 (Mo.App.1987). Evidence which tends to corroborate the testimony of a witness is admissible. *State v. Weeks,* 603 S.W.2d 657, 665 (Mo.App. 1980).

■ Appellant admitted killing the victim to both witnesses. Brumbeloe's testimony was relevant to explain how he and appellant became acquainted and why appellant would seek him out. Hossler's testimony corroborated the coroner's report

regarding the condition of the victim's skull. It also was corroborative of Brumbeloe's testimony. The testimony concerning the candles and rituals in the cell indicates appellant thought Brumbeloe's testimony would be damaging.

While it was unnecessary for the prosecutor to probe the subject of the occult as deeply as he did, the trial judge did not abuse his discretion in allowing it. Any prejudice was outweighed by the probative value of the testimony, appellant's admissions. Point I is denied.

■ Appellant's second point is that the trial court abused its discretion in admitting State's exhibits 27 and 29, photographs of the victim as he was found at the crime scene. The trial court held a hearing, outside the presence of the jury, during the State's case-in-chief to entertain defense objections to the photographs. Appellant moved to suppress exhibits 26, 27, 28 and 29 as being cumulative, inflammatory and without any additional evidentiary value. The trial court noted that exhibits 26 and 27 were substantially similar, as were exhibits 28 and 29. The court allowed the State to offer one photograph from each set and left the choice to the prosecutor who opted to admit exhibits 27 and 29. The trial court sustained the objections to exhibits 26 and 28.

As noted, *supra*, appellant did file a motion to suppress the photographs, but he failed to renew his objections when they were presented at trial. It is well established that when a motion to suppress evidence is denied and the evidence is subsequently offered at trial, the objection must be renewed or the issue of whether the evidence should be excluded is not preserved for review. *State v. Sandusky*, 761 S.W.2d 710, 713 (Mo.App.1988). The rule is strictly applied because the trial judge should be given an opportunity to reconsider his prior ruling against the backdrop of the evidence adduced at trial. *Id.* We, therefore, will review this point only for plain error resulting in manifest injustice pursuant to Rule 30.20.

■ The trial court has broad discretion in determining the admissibility of photographs. *State v. Smith*, 756 S.W.2d 493, 498 (Mo. banc 1988). Photographs are relevant to show the scene of the crime, the identity of the victim, the nature and extent of the wounds, the cause of death and to enable the jury to better understand the testimony. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988).

■ Exhibits 27 and 29 were used to show the wounds to the victim's face, the location of the body and the cause of death. They are not pleasant pictures, but "[i]nsofar as these photographs tend to be shocking or gruesome, it is because the crime is of that sort." *State v. Parkus*, 753 S.W.2d 881, 886 (Mo. banc 1988).

Appellant argues that, because he testified to the shooting, it was unnecessary to admit the photographs. The existence of oral testimony describing the facts portrayed in photographic evidence is not reason enough to reject their admission. *Clemmons*, 753 S.W.2d at 907. Photographs which accurately depict the scene and tend to prove identity, condition and location of the body are admissible. *State v. Smith*, 735 S.W.2d 65, 68 (Mo.App.1987).

We further note that the trial court exercised its discretion by excluding substantially similar photographs thus avoiding any possibility of over emphasis by repetition. We find no error, plain or otherwise. Point II is denied.

■ Lastly, appellant complains that the hearing court erred in denying his 29.15 motion, after an evidentiary hearing, because he was denied effective assistance of counsel at trial. Specifically, appellant argues that his trial counsel failed to object when the prosecutor was eliciting evidence regarding the occult and failed to request a mental examination of appellant, despite counsel's knowledge of appellant's personal history of drug and alcohol abuse and his family's history of mental problems.

In order to prevail upon a claim of ineffective assistance of counsel, appellant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would display under similar circumstances and that

he was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Appellant faces a heavy burden in that he must prove his allegations by a preponderance of the evidence, and he must overcome the presumption that counsel is competent. *Id.*

Our review is limited to determining whether the findings, conclusions and order of the hearing court are clearly erroneous. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The hearing judge is the trier of fact and is free to determine the credibility of witnesses. *Shaw v. State,* 766 S.W.2d 676, 680 (Mo.App.1989).

Appellant first argues that his trial counsel was ineffective for failing to object to the prosecutor's line of questioning on the occult[1] and to the prosecutor's closing argument. As discussed, *supra,* the evidence regarding the occult was relevant and admissible. Any objection by trial counsel would have been meritless. Counsel has no duty to object to admissible evidence. *Newman v. State,* 751 S.W.2d 93, 96 (Mo.App.1988).

During closing argument the prosecutor stated, "They [Brumbeloe and Hossler] both talked about the fact that he practiced black magic—witchcraft." A prosecutor is given wide latitude in making closing argument and may properly comment on matters in evidence and to draw reasonable inferences therefrom. *State v. Klaus,* 730 S.W.2d 571, 579 (Mo.App.1987). The evidence regarding the occult was admitted and the prosecutor was allowed to comment on it during closing argument. Any objection would have been nonmeritorious. *Newman,* 751 S.W.2d at 96.

Appellant also alleges that trial counsel was ineffective for failing to seek a mental evaluation of appellant. In the absence of some suggestion of mental instability, there is no duty imposed on counsel to initiate an investigation of the mental condition of an accused. *O'Neal v. State,* 724 S.W.2d 302, 306 (Mo.App.1987). Such an investigation is not indicated where, as here, a defendant has the present ability to consult with his attorney with rationality

and to understand the proceedings against him. *Ford v. State,* 757 S.W.2d 255, 256 (Mo.App.1988).

Trial counsel testified that appellant appeared to be a bright and articulate person during interviews and that he had no reason to doubt his mental competence. Appellant had and exercised the ability to consult with counsel in preparation for trial, and counsel had no warning of mental defect.

We, therefore, hold that the hearing court did not err in denying appellant's 29.15 motion.

The judgment is affirmed in all respects.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.

---

1. It should be noted that counsel did object at various times during Brumbeloe's testimony and one time during the prosecution's cross-examination of appellant.