**Richard CHANDLER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18128.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 20, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was convicted of capital murder and sentenced to life imprisonment. That conviction was affirmed. *State v. Chandler*, 605 S.W.2d 100 (Mo. banc 1980). Thereafter, movant filed a motion under then Rule 27.26. Following an evidentiary hearing held on February 21, 1992, the trial court on April 17, 1992 made findings of facts, conclusions of law and entered judgment denying the motion.

■ Facts regarding the charge against movant are set out in *Chandler*, 605 S.W.2d 100, as well as *State v. Anding*, 752 S.W.2d 59 (Mo. banc 1988), and *State v. Chandler*, 698 S.W.2d 844 (Mo. banc 1985) (charge against defendant's brother).

On appeal the review of a decision on a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Only when this court is left with a firm conviction that a mistake has been committed are such findings clearly erroneous. *Covington v. State*, 600 S.W.2d 186, 187 (Mo.App.1980). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

■ Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Pool v. State*, 670 S.W.2d 210, 211–212 (Mo.App.1984). The trial judge can disbelieve testimony even when uncontradicted. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

Movant contends that the trial court erred in denying his motion because he received ineffective assistance of counsel at his criminal trial because (a) "[t]rial counsel Hale Brown represented James Anding at the same time he represented appellant, despite that Anding was implicated in the crime with which appellant was charged", (b) "[t]rial counsel Brown accepted payment from James Anding to represent appellant", and (c) trial counsel "had previously represented appellant's brother, Michael, who was also implicated in the crime with which appellant was charged". Movant states that each of these facts created "an actual conflict of interest".

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App. 1985).

■ Representation of multiple defendants is not a per se violation of effective assistance of counsel. *State v. Murphy*, 693 S.W.2d 255, 261 (Mo.App.1985). Movant must show that there was an actual conflict of interest which adversely affected his lawyer's performance. *Chandler*, 698 S.W.2d at 848.

■ Previous to movant's trial on the criminal charge which commenced on June

25, 1979, the state filed on May 30, 1979, a "Motion To Remove Defendant's Counsel Or For Alternative Relief". The motion was taken up on May 31, 1979. At the commencement of that hearing the trial judge read the body of the motion because he had been informed by movant's counsel that movant "has some difficulty in reading". The body of the motion is set out marginally.[1]

At the hearing on the state's motion to remove defendant's counsel or other alternative relief Brown admitted most of the matters stated in the motion and the trial judge after discussion with counsel informed movant that the court would appoint another attorney if he was not able to hire one other than Brown. Movant stated he wanted Brown to continue as his attorney.

1.

PART I

Comes now Daniel M. Buescher, Prosecuting Attorney of Franklin County, Missouri, and informs the Court as follows:

1. On August 14, 1978, one James Anding, Attorney at Law, who, at one time, was a co-defendant of Richard Chandler called Hale Brown, defense counsel herein, and asked Hale Brown to represent Michael Chandler one of the States chief witnesses in the case against Richard Chandler, and in said conversation Anding indicated that he would pay Brown's fee. A transcript of that recording is attached hereto.

2. Hale Brown was paid for his services in representing Michael Chandler by a personal check from James Anding's mother.

3. Hale Brown did in fact visit Michael Chandler in the St. Louis County Jail and discussed with him the murder of Joseph Langworthy and the fact that Michael was going to testify against Richard. Mr. Brown relayed this fact to Prosecuting Attorney, Daniel M. Buescher and indicated that he did indeed represent Michael for the purpose of advising him with regard to the Langworthy murder.

4. When asked about the subject matter of his conversation with Michael Chandler under oath, Mr. Brown claimed the attorney/client privilege.

5. The State does not believe that defendant, Richard Chandler, has waived this obvious conflict on the record.

6. Michael Chandler has not waived his right to prevent Hale Brown from appearing in opposition to and cross-examine him when he testifies against Richard Chandler.

7. This inherent conflict has been pointed out to Mr. Brown by the undersigned and one Richard Callahan, formerly Special Prosecuter in the case of the State of Missouri vs. James L. Anding, but to no avail.

8. This Motion is made and the information tendered to the Court in accordance with disciplinary rule 1–103A of Supreme Court Rules 1979, upon the grounds that disciplinary rule 5–105A & B may have been violated.

WHEREFORE, the undersigned moves this honorable Court to remove Hale Brown as counsel for defendant unless and until both Michael Chandler and Richard Chandler consent to such continued representation after being advised of the obvious conflicts on the record.

PART II

Comes now Daniel M. Buescher, Prosecuting Attorney of Franklin County, Missouri, and states and advises the Court as follows, to-wit:

1. In September of 1978, James L. Anding entered his appearance plus the name of Daniel V. O'Brien as attorneys for Richard Chandler in the present case. This was subsequent to Hale Brown being retained as counsel for Michael Chandler as aforesaid.

2. Following the filing of charges against James L. Anding for the murder of Joseph Langworthy, Daniel V. O'Brien entered his appearance on behalf of Mr. Anding.

3. Thereafter, in September of 1978, Hale Brown filed a Writ Habeas Corpus on behalf of James L. Anding in the case of the State of Missouri vs. James L. Anding.

4. In September of 1978, a promissory note in the amount of Ten Thousand Dollars ($10,000.00) secured by a Deed of Trust was recorded in the office of the Franklin County Recorder of Deeds, said note being payable to Hale Brown and Daniel O'Brien executed by Mr. and Mrs. James L. Anding.

5. Mr. Hale Brown has previously stated that the only pay he received for representing Michael Chandler was the aforementioned check from the mother of James Anding and that his only pay in connection with his representing of Richard Chandler was a promised percentage of the proceeds from a book to be written of Mr. Chandler's life. This appears to be contrary to ethical consideration 5–4 and disciplinary rule 5–101A.

6. In October of 1978, Hale Brown requested the Sheriff of Franklin County, H.B. Miller, to visit Richard Chandler in the Franklin County Jail and at that time Brown represented himself as an investigator for Daniel V. O'Brien. Hale Brown entered his appearance on behalf of Richard Chandler in this case in January of 1979. Thereafter, Richard Chandler refused to testify against James L. Anding.

WHEREFORE, the undersigned Prosecuting Attorney moves the Court to instruct the defendant on the record of the foregoing facts which might impair the objectivity of defense counsel Hale Brown and to require a waiver of all of defendant's rights in connection with such conflict or lack of objectivity by defense counsel Hale Brown before proceeding to trial in this case.

The court then raised the possibility of testimony from movant's brother Michael who Brown had previously represented. Brown stated that Dan O'Brien had taken Michael's deposition in another case and would be assisting as co-counsel for movant at least to the extent of cross-examining Michael Chandler. Movant stated he also wanted O'Brien to represent him. Michael Chandler testified and was cross-examined by Brown.

At the hearing on the Rule 27.26 motion movant acknowledged that he knew Anding arranged for attorney Brown to represent him and that Anding was paying Brown as "a part of the contract for the murder of James Langworthy". Movant was also present when Brown's deposition was taken on April 6, 1979, in the criminal case against Anding.

One of the cases relied upon by movant is *State v. Chandler*, 698 S.W.2d 844 (Mo. banc 1985), involving movant's brother, Darrell, charged with the same murder. There, the court vacated the sentence and judgment because of a conflict due to movant's brother being represented by Anding and Dan O'Brien. O'Brien represented Anding in the charge against him. The conflict due to Anding representing movant's brother was much greater. Anding allegedly arranged for movant and his brothers to commit the murder.[2]

Movant contends that he did not make a knowing waiver because he did not have an understanding of the conflicting interest and the "dangers" which might result from them. See *United States v. Gaines*, 529 F.2d 1038, 1043 (7th Cir.1976). It appears that movant was well advised of the conflicts and the dangers were apparent, but movant cites us to no portion of the record and we find none where any such danger occurred.

The record does not demonstrate that the conflict affected Brown's performance as an attorney. Movant refers to Brown objecting to implications by the prosecuting attorney during a pretrial hearing that Anding was involved in and to a press conference after movant was convicted. At the press conference movant stated he had committed several murders, including that of Jerry Litton, a former Missouri Senatorial candidate and that of Jimmy Hoffa, former head of the Teamsters Union. None of these matters relate to Brown's performance at trial and there has been no showing of a defective performance which deprived movant of a fair trial.

"Speculation, conjecture and surmise will not serve to fill" a void when a party fails to demonstrate why he was prejudiced by a claimed conflict of interest. *Murphy*, 693 S.W.2d at 261. Nor does "indulgence of speculation, conjecture and surmise as to potential conflicts which *might* arise during trial ... suffice to raise the specter of a conflict of interest, 'actual' or 'potential', or a divergence of interest". *Id.*

The trial judge found that "Movant was aware of the facts creating said conflict and therefore Movant waived any conflict of interest." We conclude that this finding was not clearly erroneous. Moreover, movant has not shown that the claimed conflict adversely affected his lawyer's performance, a requirement for the relief requested. See *Chandler*, 698 S.W.2d at 848.

The judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.

2. Anding was convicted of manslaughter, but the conviction was reversed because there was no evidence to support that conviction. *State v. Anding*, 752 S.W.2d 59 (Mo. banc 1988).