Glenn A. SMITH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21723.

Missouri Court of Appeals, Southern District, Division Two.

May 20, 1998.

Amy M. Bartholow, Asst. Public Defender, Columbia, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Columbia, for Respondent.

BARNEY, Judge.

Glenn A. Smith (Movant) appeals from the motion court's judgment which denied his post-conviction relief motion filed under Rule 24.035.[1]

On July 23, 1996, Movant pleaded guilty to possession of a controlled substance and manufacturing a controlled substance. *See* §§ 195.202, 195.211.[2] Movant was sentenced to the Missouri Department of Corrections as a prior drug offender under sections 195.275 and 195.285.1, and as a prior and persistent offender under sections 558.016 and 557.036. Movant was sentenced to respective terms of seven years for the possession charge and nine years for the manufacturing charge, to run concurrently.

Movant filed his *pro se* Rule 24.035 motion on October 24, 1996. Movant filed his first amended Rule 24.035 motion on January 22, 1997. In his amended motion, Movant alleged that his guilty plea was not voluntary because he received ineffective assistance of counsel in that his trial counsel had a conflict of interest in representing him together with two other codefendants on the same charges. Movant also alleged that his guilty plea was not voluntary because he received ineffective assistance of counsel in that his trial counsel failed to file a motion to suppress the evidence offered against him.

The motion court held an evidentiary hearing on April 25, 1997. On April 29, 1997, the motion court entered its judgment and findings, denying Movant's post-conviction relief motion.

On appeal to this Court, Movant assigns two points of motion court error. First, Movant alleges that the motion court clearly erred in denying his motion because the record leaves a clear and definite impression that his guilty plea was not voluntary because he was denied effective assistance of counsel due to his trial counsel's conflict of interest in representing Movant along with two other co-defendants. Second, Movant asserts that the motion court clearly erred in denying his motion because the record leaves a clear and definite impression that his guilty plea was not voluntary because he was denied effective assistance of counsel in that his trial counsel failed to file a motion to suppress the evidence seized from his home.

Appellate review of denial of a Rule 24.035 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *White v. State,* 957 S.W.2d 805, 807 (Mo.App.1997); *State v. Timmons,* 956 S.W.2d 277, 283 (Mo. App.1997). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made." *White,* 957 S.W.2d at 807. "By pleading guilty, the defendant waives all errors except those that affect the voluntariness or understanding with which the plea was made." *Id.*

**I.**

In Movant's first assignment of error, he contends that the motion court clearly erred in denying his post-conviction motion because he was denied effective assistance of counsel at trial. Movant maintains that because his trial counsel was representing him together with his wife, Sherri Smith, and his brother, Gary Smith, that a conflict of interest arose which rendered his trial counsel ineffective. Movant maintains that because of his trial counsel's conflict of interest in representing three codefendants, Movant's plea of guilty was neither intelligently made nor voluntarily made.

"To prevail on a claim of ineffective assistance of counsel, the claimant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably compe-

1. All Rule references are to Missouri Court Rules (1997).

2. All statutory references are to RSMo 1994.

tent attorney would have exhibited under similar circumstances and that the claimant was thereby prejudiced." *White,* 957 S.W.2d at 807 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Storey,* 901 S.W.2d 886, 893 (Mo. banc 1995)). "A guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). "Accordingly, a guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (citing *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). Where there is a negotiated plea of guilty, a claim of ineffective assistance is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App.1996). A movant must show that the representation fell below an objective standard of reasonableness, and that he was thereby prejudiced. *Id.* "When challenging a guilty plea, prejudice is proven by evidence showing a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty and would have insisted on going to trial." *White,* 957 S.W.2d at 808 (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997)).

We note the following exchange between the trial court and Movant when Movant entered his plea of guilty and was sentenced:

> THE COURT: Now, as Mr. Gullborg (Movant's trial counsel) stated in open court, you do not have to plead guilty here today, and if you wish to plead not guilty, you have the right to trial and you have certain Constitutional rights relating to trial and Mr. Gullborg has gone over all of those rights; do you understand all those rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you know that as to these two particular charges [Count I, manufacture of a controlled substance, a Class B Felony; and Count II, possession

of a controlled substance, a Class C Felony] before me today, if I accept your plea of guilty you will give up all rights relating to trial including your right to appeal this case on its merits to a higher court; do you understand that?

> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, you've been represented by Mr. Gullborg here as your lawyer; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with his services?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did he do the things that you asked him to do?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there anything that you might have wanted him to do that he refused to do?
>
> THE DEFENDANT: No.
>
> * * *
>
> THE COURT: By pleading guilty to this charge [manufacturing a controlled substance], are you telling me you are in fact guilty of this crime?
>
> THE DEFENDANT: Yes, sir.
>
> * * *
>
> THE COURT: Count II.
>
> Now, do you understand this charge of possession of a controlled substance....
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And is that the charge to which you wish to plead guilty today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: By pleading guilty to this charge, are you admitting to the Court you committed this act?
>
> THE DEFENDANT: Yes.
>
> THE COURT: By pleading guilty to this charge, are you telling me you are in fact guilty of this crime?
>
> THE DEFENDANT: Yes, sir.
>
> * * *
>
> THE COURT: Has anyone forced you or threatened you or promised you anything to make you plead guilty to these two charges?
>
> THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty of your own freewill?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty because it is in fact true you are guilty of each of these two crimes?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: Your attorney has been Mr. Gullborg, is that right?

THE DEFENDANT: Yes.

THE COURT: Did you have ample opportunity to discuss your case with him before you pled guilty here today?

THE DEFENDANT: Yes.

THE COURT: Were you completely satisfied with the legal representation that he provided you?

THE DEFENDANT: Yes.

THE COURT: And, other than the plea-bargain, did Mr. Gullborg, or for that matter, did anyone communicate any threats or promises to you to make you plead guilty here today?

THE DEFENDANT: No.

■ This colloquy firmly establishes that Movant's plea of guilty was voluntarily and knowingly entered. "A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Estes v. State*, 950 S.W.2d 539, 542 (Mo.App.1997). The motion court found the following, *inter alia*, in its findings of fact and conclusions of law:

The allegations that the pleas were not knowingly, intelligently, and voluntarily made were not proved by the evidence. The sentencing court found the pleas to have been made freely, voluntarily, and with full understanding of the consequences of the pleas. There is no credible evidence that this finding is wrong.

■ To prevail on a claim that a conflict of interest existed, a movant must demon-strate that an actual conflict of interest adversely affected counsel's performance. *Roll*, 942 S.W.2d at 377. Conflict of interest normally arises where one attorney represents multiple defendants with divergent interests. *Id.* However, "[r]epresentation of co-defendants does not create a *per se* conflict of interest." *State v. Howard*, 896 S.W.2d 471, 488 (Mo.App.1995). A movant has the burden of proving his counsel acted in such a way that was detrimental to movant's interests. *Id.*

A contention that counsel had a conflict of interest, without benefit of explicative facts or evidence that counsel favored one client at the expense of another, affords no basis for relief.... Such a claim cannot be sustained on the basis of speculation, and will not be upheld absent evidence of actual conflict of interest or evidence pointing to a substantial probability of conflict of interest.... In order to evidence a conflict of interest, something must have been done by counsel or something must have been foregoing by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another.

*Id.* (quoting *State v. Abbott*, 654 S.W.2d 260, 274 (Mo.App.1983)).

In *Hopson v. State*, 728 S.W.2d 276 (Mo.App.1987), the Western District of this Court held that no actual conflict of interest existed where the co-defendants' accounts of the circumstances of the crime were in substantial agreement. *Id.* at 278. The court stated:

If either [of the co-defendants] had been attempting to exculpate himself by incriminating the other, or if there had been some prospect of favorable treatment for one in return for his testimony against the other, or some such circumstance, then a lawyer would be in an impossible situation in representing both of them.

*Id.* Here, Movant does not suggest that either of his two codefendants attempted to exculpate themselves at Movant's expense during their plea negotiations.[3] Movant testified during the evidentiary hearing, and

---

**3.** Movant's two co-defendants, Sherri Smith and Gary Smith, each pleaded guilty to possession of a controlled substance and were sentenced to 120 days' shock jail time and 5 years' supervised probation. *See* § 559.026.

avers on appeal, that his wife and codefendant, Sherri Smith, believed that she would have to testify against Movant in exchange for her probation sentence.[4] As to this contention, we note Movant's trial counsel testified during the evidentiary hearing that "[t]here wouldn't have been requirement to testify per the spousal privilege ... I—I was never under the impression nor is that a requirement of the [plea bargain] offer that that was a requirement." Additionally, trial counsel acknowledged that Movant never requested that a different lawyer represent his wife and brother.

" 'Speculation, conjecture and surmise will not serve to fill' a void when a party fails to demonstrate why he was prejudiced by a claimed conflict of interest." *State v. Wright*, 934 S.W.2d 575, 582 (Mo.App.1996) (quoting *Chandler v. State*, 859 S.W.2d 764, 767 (Mo.App.1993)). We conclude that Movant's alleged conflict of interest is premised upon speculation and conjecture. Further, the record amply shows that the codefendants' accounts of the circumstances of the crime were in substantial agreement, negating Movant's contention of an actual conflict of interest. *See Hopson*, 728 S.W.2d at 278.

■ Movant has not demonstrated that an actual conflict of interest existed, nor do we believe any such conflict led his counsel to do something detrimental to Movant, or forego a beneficial defense. *See State v. Kretzer*, 898 S.W.2d 639, 645 (Mo.App.1995). Further, movant waived any conflict of interest by pleading guilty. "By pleading guilty, the defendant waives all errors except those that affect the voluntariness or understanding with which the plea was made." *White*, 957 S.W.2d at 807. "[A] plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses." *Estes*, 950 S.W.2d at 542.

Movant has failed to meet the standard for finding ineffective assistance of counsel due to a conflict of interest. *See Kretzer*, 898 S.W.2d at 645. The motion court's findings and conclusions are therefore not clearly er-

roneous. *See White*, 957 S.W.2d at 807. Point denied.

## II.

■ In his second assignment of error, Movant asserts that the motion court clearly erred in denying his post-conviction motion because the record clearly showed that his plea was not voluntarily made due to the ineffectiveness of his trial counsel. Movant contends that the voluntariness of his plea was affected by his trial counsel's failure to file a motion to suppress the evidence seized from his home.

■ "A complaint contending that counsel failed to render assistance to the standard required by law by failing to file and pursue a motion to suppress is waived by a voluntary entry of a guilty plea." *Steinle v. State*, 861 S.W.2d 141, 144 (Mo.App.1993). "[T]he existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made." *Summers v. State*, 934 S.W.2d 563, 567 (Mo.App. 1996)(Crow, P.J., concurring); *Hatchett v. State*, 909 S.W.2d 748, 750 (Mo.App.1995).

■ We also note that the decision whether to file a motion to suppress is a matter of trial strategy. *State v. Maddix*, 935 S.W.2d 666, 672 (Mo.App.1996). Trial counsel will not be deemed ineffective for failing to file a meritless motion to suppress. *Id*. In the instant matter, Police officer Henry Chris testified that Movant's wife voluntarily consented to the search of the residence.

The motion court found the following in its findings of fact and conclusions of law:

The court finds that the decision of the trial attorney not to file a motion to suppress was a matter of trial strategy. The search of movant's house was made with the written consent of his wife, and there is no reasonable probability that the motion would have been granted. Movant did not prove his claim of ineffective assistance of counsel arising from the failure to file a

4. We defer to the motion court's determination of credibility of witnesses, as "the motion court is free to disbelieve testimony even when no con-

trary evidence is presented." *Estes*, 950 S.W.2d at 541–42.

motion to suppress evidence, and he is entitled to no relief on these allegations.

Additionally, the transcript of Movant's sentencing hearing discloses that when Movant entered his guilty plea, the trial court carefully explained to Movant that he had a right to trial, including certain constitutional rights relating to trial. The trial court also explained to Movant that by entering a guilty plea Movant has waiving his rights to trial. Movant responded to the trial court that he understood all of his rights relating to trial and the consequences of pleading guilty. Movant also responded to the trial court that he was satisfied with his trial counsel's services and that his counsel had done everything he wanted him to do.

■ The record reflects therefore that Movant was aware of his constitutional rights relating to trial and that he knowingly waived them when he voluntarily entered his plea of guilty.[5] *See Steinle*, 861 S.W.2d at 144. The motion court's findings of fact and conclusions of law are not clearly erroneous. *See White*, 957 S.W.2d at 807. Point denied.

The judgment of the motion court denying Movant's Rule 24.035 post-conviction motion is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

5. We note that during Movant's evidentiary hearing he testified that "the reason why I brought this all up was not to get my case overturned or anything like that. It was ... because I was offered the seven year—the initial seven years. That's what I—wanted to bring it all back to court for is I was offered the seven years to begin with, and I would have received the seven years

[as opposed to the concurrent seven and nine year sentence] had there not been a big mix-up in the courtroom." The disappointing realization that a greater sentence has been imposed than that anticipated does not render a guilty plea involuntary. *Steinle*, 861 S.W.2d at 144; *see also Dean v. State*, 950 S.W.2d 873, 878 (Mo.App. 1997).