**Michael Wayne BERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 27698.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 22, 2007.

Timothy Forneris, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Movant, a prior and persistent felon impaired by methamphetamine, was speeding 75 to 95 miles per hour, passing a tractor-trailer on a blind curve. He crashed into a pastor and his wife driving to a church Valentine's dinner, killing her and severely injuring him. Movant pleaded guilty, received twenty years[1] under a negotiated plea agreement, and a bevy of other charges was dismissed. The trial court denied Movant's Rule 24.035[2] motion for post-conviction relief. We affirm.

## Standard of Review

 Our review of post-conviction cases is limited to whether the motion court's findings and conclusions are clearly erroneous.[3] This means our consideration of the whole record must firmly and definitely persuade us that a mistake was made. *Smith v. State,* 972 S.W.2d, 551, 553 (Mo.App.1998). The motion court can believe or disbelieve any witness; we defer to its credibility decisions given its superior opportunity to assess the witnesses. *West v. State,* 159 S.W.3d 847, 851 (Mo. App.2005). That court's findings are presumptively correct. *Cook v. State,* 193 S.W.3d 378, 381 (Mo.App.2006).

 When we review a guilty plea under Rule 24.035(k), two more principles commonly apply:

First, a guilty plea "voluntarily and understandably made waives all non-jurisdictional defects and defenses." *Smith,* 972 S.W.2d at 556. A guilty plea waives all errors—including ineffective assistance of counsel claims—that do not impair the knowing and voluntary nature of the plea. *Id.* at 553, 554, 556.

Second, a defendant who assures the court he is satisfied with counsel's performance, and that counsel did everything he asked, generally is barred from post-conviction relief based on ineffective assistance of counsel. *Id.* at 555.

With these principles in mind, we consider excerpts from Movant's guilty plea.

## Guilty Plea Excerpts

Q. (By The Court) Mr. Berry, you're aware that you're charged with a Class C felony of involuntary manslaughter and a Class C felony of assault in the second degree?

A. Yes, sir.

Q. Is it your intention to plead guilty to those charges?

---

1. Consecutive terms of fifteen years for involuntary manslaughter and five years for assault second degree.

2. Unless otherwise indicated, rule references are to Missouri Rules of Court (2006) and statutory references are to Missouri Revised Statutes (2000).

3. Appellate review, whether under Rule 24.035(k) after a guilty plea or Rule 29.15(k) after a trial, is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

A. Yes, sir.

. . . .

Q. Has anybody promised you anything other than the plea agreement in this case in order to get you to plead guilty?

A. No, sir.

Q. Has anybody threatened you or anybody you care about in order to get you to plead guilty?

A. No, sir.

Q. Has anybody told you that any fact or circumstance connected with this plea is secret and you're not supposed to share it with me?

A. No, sir.

. . . .

Q. Are you satisfied with the services of your attorney?

A. Yes, sir.

Q. Has Mr. Tilley investigated the facts of this case to your satisfaction?

A. Yes.

Q. Has he negotiated this plea to your satisfaction?

A. Yes.

Q. Is there anything you've asked him to do that he has not done that he needed to do?

A. Huh-uh.

Q. Is that a no?

A. No.

Movant also signed and tendered his written petition to enter a guilty plea; told the court under oath that everything in it was true; and stated therein he was satisfied with the advice and help of his attorney, who "has done all that anyone could do to counsel and assist me," and he was pleading guilty "freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the information and in this petition."

We have quoted only part of the guilty plea record, the whole of which firmly establishes that Movant's plea was knowing and voluntary. Movant thus waived all non-jurisdictional defects, defenses, and errors, and is barred from post-conviction relief based on ineffective assistance of counsel. *Smith,* 972 S.W.2d at 553, 554, 556. With this background, we turn to Movant's three points on appeal.

### Point I

■ Point I alleges Movant's attorney had an actual conflict of interest and irreconcilable differences with Movant, which caused him to pressure and ultimately coerce Movant into an unknowing, unintelligent, and involuntary plea. As in *Smith,* 972 S.W.2d at 556–57, the guilty plea and evidentiary hearing transcripts before us demonstrate no actual conflict of interest, nor that counsel did anything detrimental to Movant or to forego a beneficial defense. We could describe many reasons to deny this point, including the motion court's findings and conclusions supported by the record; counsel's credible testimony at the evidentiary hearing; or case law against Movant on various grounds. But to do so implies we deem the *preclusive* effect of guilty pleas and defendants' sworn assurances worthy of lip service only. *Smith* and countless decisions counsel otherwise. Movant waived these pre-existing claims by pleading guilty (*Id.* at 556) and declaring on oath his full satisfaction with counsel's services. We need not dwell on other shortcomings. Point I fails.

### Point II

■ Point II complains counsel did not call Movant to testify at a suppression hearing five months before Movant's guilty plea. Again we could write for pages rebutting this claim on the record and vari-

ous legal grounds,[4] but we need not belabor our analysis. When Movant pleaded guilty and said he was satisfied with his representation, his complaint about the earlier motion hearing became water under the bridge. *See* Point I *supra.* Point II is denied.

### Point III

■ Point III combines several claims of failure to investigate, including counsel's alleged failure to investigate Movant's wife as a witness on Movant's theory that methamphetamine entered his body without his knowledge via some manner of osmosis. The motion court ruled, and we agree, that Movant's guilty plea waived this complaint. *See Hughes v. State,* 204 S.W.3d 376, 380 (Mo.App.2006).[5]

■ Movant claims his attorney also failed to investigate Movant's competency at the guilty plea, and Movant's wife and mother as potential witnesses about Movant's mental history and status. The motion court disposed of these claims as follows:

> Nothing in the record supports Movant's unsubstantiated claim that his various mental problems amounted to a level

where he was unable to understand the charges against him and make a voluntary plea to them. In fact, the transcripts of his numerous appearances in court show someone who was very aware of what he was charged with and what he was doing. . . .

Likewise, the testimony offered at the hearing from Movant's mother about his alleged brain damage from the same automobile accident resulting in this prosecution showed that Jason Tilley was not ineffective for failing to use her as a witness. Her testimony added nothing to Movant's defense. Her testimony failed to show Movant currently suffers significant brain damage so as to prevent him from assisting his lawyer in his own defense. In fact, Movant's own testimony at the hearing refuted any claim that his brain damage, if any, prevents him from understanding the proceedings against him or assisting in his own defense. Although this court believes Movant was lying during much of his testimony, his demeanor, his tone of speech, his eloquence and his choice of words all belie any claim of significant brain damage.

---

4. For example, it is difficult to prove prejudice from motion to suppress deficiencies, since such motions are interlocutory and do not conclusively determine the introduction of challenged evidence. *Kenney v. State,* 46 S.W.3d 123, 130 (Mo.App.2001). Further, Movant baldly claims the court misruled the suppression motion; a collateral attack not included in Point II and probably improper anyway. Next, the existence of allegedly inadmissible evidence is no basis to vacate a guilty plea voluntarily and understandingly made. *Smith,* 972 S.W.2d at 556. Moreover, counsel's advice whether to testify is a matter of trial strategy which, barring exceptional circumstances, is no ground for post-conviction relief. *State v. Dees,* 916 S.W.2d 287, 301 (Mo.App.1995). In any event, Movant's attorney denied he prohibited Movant from testifying, and the court did not believe Mov-

ant's claim that he insisted on doing so. Either alone defeats Point II. Finally, citing Section 577.033 of the implied consent law, the court noted that Movant's "foolhardy kamikaze" plan to testify that he was unconscious at the accident scene "would have destroyed any chance whatsoever of having the blood and urine test results suppressed." If there was no likelihood of a different result had Movant testified, there was no prejudice. *See Vogel v. State,* 31 S.W.3d 130, 146 (Mo. App.2000).

5. Thus we need not review the court's equally proper alternative grounds for rejecting this claim. But given Movant's maligning of his counsel, we note the record shows counsel checked Movant's theory with a toxicologist— who would not support it—before rejecting this strategy and thus Ms. Berry as a witness.

Specifically turning to the guilty plea hearing, the court further noted:

At the time of his plea, Movant denied being under the influence of drugs to the point he did not understand what he was doing. His lawyer, Jason Tilley, confirmed at the time of the guilty plea that Movant showed no sign that he lacked the capacity to proceed. In fact, Tilley noted at the time of the plea that Movant was "as lucid as I've ever seen him." Tilley also testified at the evidentiary hearing on this matter that he saw no signs of any sleep deprivation or other indications that his client did not understand what he was saying and doing at the time of the plea.

We have reviewed the record. Movant's responses to the court, his attorney, and the prosecutor demonstrate he understood what was happening at his guilty plea. Absent some suggestion of mental instability, defense counsel has no duty to initiate an investigation of his client's mental condition. *State v. Powell*, 793 S.W.2d 505, 509 (Mo.App.1990). No investigation is indicated where, as here, Movant clearly could consult rationally with his attorney and understand the court proceedings against him. *Id. See also Clayton v. State*, 63 S.W.3d 201, 209 (Mo. banc 2001). We deny Point III and affirm the judgment.

RAHMEYER, P.J., and PARRISH, J., concur.