

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| ROBERT S. JONES, | ) | No. ED110457 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 1922-CC00433 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Scott A. Millikan |
| | ) | |
| Respondent. | ) | Filed:  February 7, 2023 |

## OPINION

Robert Jones (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief pursuant to Rule 24.035[1] without an evidentiary hearing.  We affirm.

## BACKGROUND

Movant was charged with first-degree assault, armed criminal action, and unlawful possession of a firearm.  Movant pleaded guilty to all three charges.  During his plea hearing, Movant admitted to the following facts underlying the charged offenses:  On April 21, 2017, Movant and his co-defendant, Michael Crump (Crump), met Varden Lovett (Victim) in a location near the area of 3910 Natural Bridge in the City of St. Louis.  While the three were walking in an alleyway, Movant shot Victim a number of times.  Movant and Crump fled the scene.

---

[1] All references to Rules are to Missouri Supreme Court Rules (2022).

Detective William Wethington (Detective Wethington) investigated the incident. Victim told him Movant and Crump were his assailants. Detective Wethington used cell phone records to establish contact between Victim and Movant. In addition, records from the cell phone tower established Movant's cell phone was in the area where the shooting occurred.

The court accepted Movant's guilty pleas and sentenced Movant to concurrent terms of fifteen years for assault in the first degree, three years for armed criminal action, and four years for unlawful possession of a firearm. Subsequently, Movant filed his motion for post-conviction relief and counsel was appointed. Counsel filed an amended motion which the motion court denied without an evidentiary hearing. This appeal follows.

## DISCUSSION

In his sole point on appeal, movant claims the motion court clearly erred in denying his request for post-conviction relief without an evidentiary hearing because plea counsel had an actual conflict of interest. Movant argues plea counsel was ineffective for representing both Movant and Crump because their interests diverged regarding a material legal issue and the course of action in making each of their plea agreements.

### *Standard of Review*

Our review of the denial of a Rule 24.035 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. *State v. Evans*, 524 S.W.3d 530, 532 (Mo. App. E.D. 2017) (citing *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009) and Rule 24.035(k)). The motion court's findings are presumptively correct. *Id*. (internal citation omitted). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this court with a "definite and firm impression that a mistake has been made." *Id*.

2

"An evidentiary hearing is not required on a post-conviction relief motion if the motion court determines that the motion and the files and records conclusively show the movant is not entitled to relief." *Evans*, 524 S.W.3d at 533; *see also* Rule 24.035(h). In addition, the facts alleged must raise matters not refuted by the record and such matters must result in prejudice to the movant. *Id*. If a movant fails to establish any one of these elements, the motion court may deny a request for an evidentiary hearing. *Id*.

<em>Analysis</em>

For a movant to be entitled to post-conviction relief premised upon an allegation of ineffective assistance of counsel, the movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the movant must show by a preponderance of the evidence that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Id*.; Rule 24.035(i). Second, a movant must show that such deficiency prejudiced him. *Id*.; *see also* Rule 24.035(i). Where the claim of ineffective assistance follows a guilty plea, as in the present case, it is only relevant to the extent it affected the voluntariness or knowledge with which Movant pleaded guilty. *Voegtlin v. State*, 464 S.W.3d 544, 552 (Mo. App. E.D. 2015).

To prevail on his claim that a conflict of interest existed, Movant must show an actual conflict of interest adversely affected counsel's performance. *Smith v. State*, 972 S.W.2d 551, 555 (Mo. App. S.D. 1998). While a conflict of interest can arise if one attorney represents multiple defendants with divergent interests, representation of codefendants does not result in a *per se* conflict. *Id*. Movant bears the burden of showing counsel acted in a way that adversely affected Movant's interests. *Id*.

Pursuant to Rule 4-1.7(a), concurrent conflicts of interest are defined and prohibited. The rule states that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Concurrent conflict of interest exists if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Rule 4-1.7(a). Under Rule 4-1.7(b), a lawyer may represent a client notwithstanding a concurrent conflict of interest under certain circumstances, including where each affected client gives informed consent, in writing. Rule 4-1.7(b)(4).

Movant's argument is largely centered upon his assertion that pleading guilty was in Crump's best interests and adverse to Movant's interest because Crump received probation, which was an offer contingent on Movant entering an open plea and being sentenced to prison. Thus, Movant claims counsel could not have effectively represented Movant with appropriate loyalty and a conflict of interest existed. Because of this alleged conflict, Movant contends any potential waiver of the conflict was unknowing and involuntary, as was his guilty plea. However, this argument is clearly refuted by the record.

At the beginning of Movant's plea hearing, counsel informed the court he represented both Movant and Crump. Movant signed a waiver of potential conflict which was filed and accepted by the court. The waiver stated Movant understood counsel represented Crump and had been fully advised of his right to separate counsel and the potential "hazards" which might arise from dual representation. Understanding these rights, Movant waived any "present or future conflict of interest" and consented to continued representation of both Movant and Crump. Counsel further stated, on the record, while he was initially hired by Crump, Movant's family

4

asked him to represent Movant as well. Counsel informed the court he explained to each of them if, as codefendants, they might "point the finger and possibly work out a deal to testify against the other" they would not want counsel to represent both of them. However, counsel asserted both Movant and Crump wished to proceed with his representation of both parties. Moreover, counsel stated he did not believe there was an actual conflict of interest because neither of them indicated a desire to testify against the other or "otherwise do anything against the other's interest." He discussed the plea agreement with both Movant and Crump and they decided to accept it.

Movant acknowledged to the court he understood and agreed he was waiving any potential conflict of interest that could arise from having the same counsel as Crump. He stated it was his intention to enter an open plea to the charged offenses and he was not doing so under the influence of any medication, drugs, or alcohol. Movant assured the court he understood he had the right to proceed to trial, was waiving that right, and had not been induced to plead guilty by any threats or promises. Movant agreed with the recitation of the facts underlying the crimes charged. Movant stated he had sufficient time to discuss the case with counsel, counsel did everything Movant asked him to do, they discussed all his options and potential defenses, and Movant was satisfied with counsel's services.

During the sentencing hearing, counsel stated Movant had informed him since the beginning of his representation that Crump "really did nothing" and was "not involved in any part of this." Movant advised counsel Victim had set up a fake drug deal to rob Movant and Crump. Counsel informed the court Movant took "full responsibility" for the crimes. Counsel stated he brought this information to the attention of the prosecutor and was able to obtain probation for Crump who was "out of the state system" at the time of Movant's sentencing.

5

Movant also addressed the court during the sentencing hearing after listening to counsel's statements. The court asked if Movant had anything he would like to say on his own behalf, and Movant said he put himself in the position to participate in the crimes. He said, "I accept full responsibility for it." After he was sentenced, Movant again assured the court he had sufficient time to discuss the charges with counsel. Movant stated counsel did everything Movant asked and he did not have any complaints about counsel. Movant said he believed counsel represented him to the best of his ability and he did not have anything he wished to inform the court about counsel's representation. When the court asked if Movant thought counsel had done a good job for him Movant replied, "Yes, sir."

The motion court found that Movant failed to allege facts from which it could find counsel acted under an actual conflict of interest that adversely affected counsel's representation of Movant. We agree.

Movant's argument on appeal centers upon the divergent interests of Crump and Movant, specifically pointing to the fact that Crump received probation while Movant entered an open plea resulting in prison time. However, this argument disregards counsel's statements, on the record at the plea hearing, in the presence of Movant, that Movant and Crump had agreed they did not want to testify against one another, and they discussed the pleas with counsel. In addition, Movant signed a waiver of potential conflict and was examined by the court at his plea hearing regarding the waiver. Movant assured the court he understood what counsel said regarding the dual representation and Movant's role in the charged crimes; he still agreed to waive any potential conflict from sharing counsel with Crump. Movant was aware counsel represented him and Crump, he was aware of Crump's disposition and probation, and with this

6

knowledge he did not, at any time, object to counsel or request new counsel. *See Smith*, 845 S.W.2d at 618.

At his sentencing hearing, prior to pronouncement of sentence, counsel clearly stated Movant told him Crump "really did nothing," and was not involved. More importantly, counsel stated, in Movant's presence and on the record before Movant was sentenced, that Crump was able to have the armed criminal action charge dropped and received probation on the remaining charges. The judge further inquired of Movant whether he would like to say anything on his behalf, and Movant took full responsibility for the crimes charged with the knowledge of Crump's sentence of probation.

Movant attempts to argue the divergent legal positions of Crump and Movant resulted in an essentially "unwaiveable" conflict of interest; however, this argument is without merit. He relies heavily on this Court's decision in *State ex rel. Horn v. Ray*, 325 S.W.3d 500 (Mo. App. E.D. 2010), in which we held a defendant and his victim could not consent to a conflict of interest because their interests were "inescapably adverse," making a preliminary writ permanent and directing the court to grant the motion to disqualify counsel. The present case is distinguishable from the interests considered in that case.

Here, counsel did not represent a defendant and a victim. Instead, he represented two codefendants. As previously noted, the representation of codefendants, unlike defendant and victim, does not create a *per se* conflict of interest. *Smith*, 972 S.W.2d at 555. Instead, Movant must show counsel acted in a way that was detrimental to his interests. *Id*. Here, the record shows Movant and Crump related the same version of the alleged incident, agreed Movant was responsible and neither wished to testify against each other, each discussed the plea agreement with counsel, and Movant made a fully informed, well-documented waiver of any potential

7

conflict of interest based on these facts.  Thus, Movant's signed waiver of a potential conflict, Movant's responses, and counsel's statements on the record at both the plea hearing and sentencing, clearly refute his claim.  *See Smith*, 972 S.W.2d at 555; *Luckett v. State*, 845 S.W.2d 616, 618 (Mo. App. E.D. 1992) (no actual conflict of interest where movant and codefendant related same version of shooting to counsel); and *Hopson v. State*, 728 S.W.2d 276, 278 (Mo. App. W.D. 1987) (no actual conflict where codefendants' accounts were in substantial agreement).

The motion court did not clearly err in denying Movant's request for post-conviction relief without an evidentiary hearing.  Movant's point on appeal is denied.

## CONCLUSION

For the foregoing reasons, the judgment of the motion court is affirmed.

_____
Lisa P. Page, Presiding Judge


Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J., concur.

8