Vandyne ERVIN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99407.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 15, 2013.

Amy M. Bartholow, Columbia, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Vandyne Ervin (Movant) appeals the judgment denying his Rule 24.035 [1] motion for post-conviction relief after an evidentiary hearing. He asserts his counsel was ineffective for failing to investigate any possible defenses, and that but for this ineffective assistance he would not have pleaded guilty but would have gone to trial. We reverse and vacate his conviction and sentence, and we remand for a new trial.

### Background

Movant was charged by information with one count of the class C felony of receiving stolen property in excess of $500.00. The State offered a plea deal of a seven-year suspended sentence with five years of probation, and Movant agreed to plead guilty to receiving stolen property in excess of $500.00.

At the plea hearing, the State asserted it could prove that Movant "with purpose to deprive the owner of liquor and beer, received, retained, or disposed of property of at least $500[.00] knowing or believing that it had been stolen." Movant specifically admitted he had received seventeen bottles of liquor that he had reason to believe were stolen and had stored the bottles in the garage of a residence in which he was staying. Movant responded in the affirmative to questions of whether his trial counsel (Trial Counsel) had investigated the case to his satisfaction and whether he was satisfied she had all the information she needed to represent him. The trial court sentenced Movant in accordance with the plea agreement to a suspended term of seven years in the Missouri Department of Corrections and five years of probation. As part of the plea agreement, Movant agreed to pay $605.00 in restitution. Movant's probation was later revoked and his seven-year sentence ordered executed. He was delivered to the Missouri Department of Corrections on January 25, 2012.

Movant timely filed a *pro se* motion for post-conviction relief. In his amended motion, filed through appointed counsel, he asserted Trial Counsel was ineffective for failing to investigate his case and failing to advise him that the evidence in the case did not support a conviction for felony receiving stolen property. Rather, the evidence showed that the value of the stolen property he received was less than $500.00, making the crime a misdemeanor. Movant asserted that Trial Counsel had received discovery from the State prior to his guilty plea on September 5, 2006, stating the value of the stolen property was under $500.00, but she did not review the information. Had he known that the discovery showed the value of the stolen items to be under $500.00, he would not have pleaded guilty to felony receiving stolen property.

At a hearing on the motion, Movant testified to the following. On August 23, 2006, before he pleaded guilty, he requested that Trial Counsel provide him with a copy of the discovery. He met with Trial Counsel two days later, but she did not provide him with discovery; she did, however, relay a plea offer from the State that expired at the September 5, 2006, arraignment hearing. On August 29, Movant again requested Trial Counsel provide him with discovery at the arraignment hearing. Trial Counsel requested discovery from the State on September 1. At the September 5 arraignment hearing, however, Trial

---

1. All rule references are to Mo. R.Crim. P. (2013), unless otherwise indicated.

Counsel told Movant she had forgotten to bring the discovery but would send it soon. Because the plea offer expired that day, Movant pleaded guilty without having seen the discovery. He received a copy of discovery on September 13, 2006. The discovery included a list of the values both of the liquor bottles reported stolen and of the bottles recovered from the residence of Movant and his co-conspirator. The lists revealed that the value of the seventeen bottles of liquor recovered from Movant was $246.86, and the total value of all twenty-five bottles recovered from both Movant and a co-conspirator was $357.21.

Trial Counsel testified that she did not review the list of liquor values and compare them to the list of bottles found in Movant's possession. The victim had stated that the value of the stolen bottles was over $500.00, and Trial Counsel did not add up the value of the bottles recovered from Movant and did not realize that the amount was far less than $500.00. She explained that she had not reviewed the evidence carefully because Movant was adamant he wanted to plead and to "get it done." On cross-examination, she agreed that the number of bottles reported stolen from the victim was greater than the number of bottles discovered in Movant's possession.

The motion court noted that Movant at his 2006 guilty-plea hearing stated he was satisfied with his attorney's performance, including her investigation and advice. Moreover, at his 2012 probation-revocation hearing, Movant again answered yes to the court's questions of whether he had had "sufficient opportunity to discuss the case with [defense counsel] before [he] pled guilty" and whether Trial Counsel did "everything [he] asked her to do prior to [ ] entering [his] plea of guilty." Last, the motion court noted Trial Counsel had testified that Movant told her he wanted to plead guilty and "get it done." The motion court denied Movant's motion, finding, *inter alia:* (1) Movant chose to plead guilty on the day of his arraignment, telling Trial Counsel he wanted to "get it done"; (2) Movant agreed the charges filed against him were accurate; and (3) Movant's statements at his guilty-plea and probation-revocation hearings refuted his allegations that counsel was ineffective. This appeal follows.

## Standard of Review

■ Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake was made. *Bryant v. State*, 316 S.W.3d 503, 507 (Mo.App.E.D. 2010).

## Discussion

In his sole point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion, because his counsel was ineffective for failing to investigate the value of the property Movant was alleged to have received, and an investigation would have revealed the value of the property was less than $500.00. But for counsel's ineffective assistance, Movant argues he would not have pleaded guilty to receiving stolen goods in excess of $500.00, but would have gone to trial. We find that Movant's guilty plea was involuntary due to counsel's ineffectiveness.

■ After a guilty plea, our review is limited to a determination of whether the underlying plea was knowing and voluntary, and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea. *Wilkins v.*

*State*, 802 S.W.2d 491, 497 (Mo. banc 1991); *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App.E.D.2003). A movant holds the burden of proving his post-conviction claims by a preponderance of the evidence. *Conger v. State*, 398 S.W.3d 915, 919 (Mo. App.E.D.2013). To prove ineffective assistance of counsel, the movant must show that counsel's representation fell below an objective standard of reasonableness and that, as a result, the movant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Burnett v. State*, 311 S.W.3d 810, 817 (Mo.App.E.D.2009). To show prejudice after a guilty plea, the movant must show that but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pleaded guilty but would have insisted on going to trial. *Johnson v. State*, 318 S.W.3d 313, 317 (Mo.App.E.D.2010).

■■■ A trial attorney has a duty to investigate all aspects of a defendant's case. *Anderson v. State*, 66 S.W.3d 770, 776 (Mo.App.W.D.2002). While counsel can make strategic choices regarding the investigation, such choices "can only be made after a *thorough* investigation of the law and facts relevant to the case." *Id.* Any strategic choices made with a less-than-thorough investigation are reasonable only to the extent that "reasonable profes-sional judgment would support the choice not to investigate further." *Id.* "[R]easonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Strong v. State*, 263 S.W.3d 636, 652 (Mo. banc 2008) (citation omitted).

■■■ Accordingly, to show that plea counsel failed to adequately investigate a case, a movant must show either that counsel failed to fulfill the obligation to conduct a reasonable investigation or failed to make a reasonable decision that a particular investigation was unnecessary. *Conger v. State*, 356 S.W.3d 217, 224 (Mo. App.E.D.2011) (citation omitted). Further, to succeed on a claim for ineffective assistance of counsel for failing to investigate, the movant must specifically allege and prove what the information was that counsel failed to discover, whether a reasonable investigation would have revealed the evidence, and how the information would have helped the movant. *Anderson*, 66 S.W.3d at 776.

■■■ Here, Movant clearly meets all three requirements under *Anderson*. He asserted the discovery provided by the State would have proven the value of the stolen liquor bottles in his possession was less than $500.00.[2] This information was readily available to Trial Counsel—and was in fact already in her possession. She

---

**2.** The list of bottle discovered in Movant's possession were valued as follows: Canadian Mist (1L): $13.24; Jack Daniels (1L): $25.62; Jim Beam (1L): $15.21; Bellows Gin (1L): $5.67; I'm Bananas Over You(1L): $8.37; Absolut Raspberry Vodka (750 ml): $22.55; Wild Turkey (750 ml): $16.13; Bellows Vodka (1L): $7.99 (not reported stolen; current retail value); Canadian Club (1L): $14.62; Jose Cuervo Gold(1L): $19.16; Captain Morgan Spiced Rum (1L): $14.74; Windsor Canadian Whisky (1L): $10.57 Malibu Coconut Rum (1L): $13.98; UV Blue Raspberry Vodka (1L): $12.99 (not reported stolen; current retail value); Walker's Deluxe (1L): $9.64; Bacardi Rum (1L): $19.96; and Seagrams VO Whisky (1L): $16.42; for a total of $246.86.

Movant's co-conspirator was also found in possession of eight liquor bottles valued as follows: two Bellows Vodka (1L): $7.99 each (not reported stolen; current retail value); Jack Daniels (1L): $25.62; Bacardi Rum (1L): $19.96; Kessler (1L): $10.43; Captain Morgan Spiced Rum (1L): $14.74; Malibu Coconut Rum (1L): $13.98; and Walker's Deluxe (1L): $9.64, for a total value of $110.35. The combined value of all of the bottles was $357.21.

agreed she did not review the list of liquor values and compare the values to the list of bottles found in Movant's possession. Having the information would certainly have helped Movant: receiving stolen goods valued at $500.00 or more is a class C felony, while receiving stolen goods valued at less than $500.00 is a class A misdemeanor. Section 570.080.3–.4, RSMo. (Supp.2011). The State's discovery established only that Movant had committed a class A misdemeanor at most, not a class C felony.

The record reveals that Trial Counsel failed to conduct any sort of investigation and did not carefully read the discovery in her possession.[3] Her failure to conduct any sort of investigation was not based on a well-informed strategic choice and thus was not reasonable. *See Conger*, 356 S.W.3d at 224; *Anderson*, 66 S.W.3d at 776. Trial Counsel's failure to investigate fell below any objective standard of reasonableness, making her assistance ineffective. *Burnett*, 311 S.W.3d at 817.

We next consider whether, despite Trial Counsel's ineffective assistance of counsel, Movant would have pleaded guilty anyway. Respondent argues on appeal that this case is similar to *Voyles v. State*, in which the Southern District held that, regardless of whether counsel was ineffective for failing to investigate, Voyles failed to prove he would not have pleaded guilty but would have gone to trial. 272 S.W.3d 921, 924 (Mo.App.S.D.2009). In *Voyles*, the defendant pleaded guilty to failing to return rental property worth over $500.00, al-

though the State's evidence showed the property was worth less than $500.00. *Id.* at 922. In his motion for post-conviction relief, he asserted his counsel was ineffective for failing to investigate and he would not have pleaded guilty had he known the facts did not support the charges against him. The motion court denied his motion. The Southern District found that because counsel testified Voyles made himself unavailable to discuss the case with counsel and insisted on pleading guilty even though counsel told Voyles that discovery was not complete, Voyles could not prove he would not have pleaded guilty but for counsel's failure to investigate. *Id.* at 924.

We agree with Movant, however, that *Voyles* is distinguishable from our case at bar. Here, although this case, as in *Voyles*, was resolved very quickly, discovery was completed before Movant pleaded guilty. Trial Counsel told Movant that she forgot to bring the discovery to the arraignment, showing that she had in fact received the discovery. Likewise, at the Rule 24.035 motion hearing, Trial Counsel testified that she did not review the discovery before arraignment, which also indicates she had received discovery.[4] Moreover, unlike in *Voyles*, Movant made himself available to discuss the case and on two different occasions before his plea sent Trial Counsel correspondence specifically requesting a copy of the discovery. While the motion court found that, as in *Voyles*, Movant insisted on pleading guilty, Movant testified that he pleaded guilty so quickly only because the plea offer was

---

**3.** Moreover, Trial Counsel seemed unclear at times of the actual charge filed against Movant. In her letter to Movant dated September 28, 2006, wherein she informed him she would not move to withdraw his guilty plea, she stated, "[a]s you know, you were charged with felony stealing." Movant was not charged with felony stealing, but with receiving stolen property.

**4.** While Movant asserted in his Rule 24.035 motion that Trial Counsel received the discovery on August 21, 2006, we do not find support for this in the record; rather, her discovery request on September 1 indicates she did not previously have the State's evidence.

expiring. The State has not contradicted Movant's sworn testimony that the State's plea offer would expire on September 5.

Thus, the record does not show that Movant would have pleaded guilty regardless of what the discovery revealed. Movant attempted to be involved in his defense, as demonstrated by his multiple requests for discovery, and pleaded guilty trusting that Trial Counsel had reviewed the discovery and that the discovery supported the felony charge against him. Rather, the facts here show that Trial Counsel failed to meet her duty to conduct a reasonable investigation, in that she did not review discovery in her possession, and that, but for Trial Counsel's ineffective assistance, Movant would not have pleaded guilty to a felony but would have gone to trial, or at least would have pleaded only to misdemeanor receiving stolen property. *See Johnson,* 318 S.W.3d at 317. Moreover, we hold a defendant's desire to immediately plead guilty does not alleviate a counsel's duty to at least minimally review discovery. Counsel always has a duty to investigate appropriate defenses and to look at discovery. *See Conger,* 356 S.W.3d at 224; *Anderson,* 66 S.W.3d at 776.

Last, regarding Movant's statements during his plea hearing that he was satisfied with his counsel's performance, these statements were not sufficient to refute his claim of ineffective assistance of counsel. At the time of the plea hearing, he did not yet know that a simple review of the discovery—perhaps of less than five minutes—would show that the State's evidence did not support the felony charged, and thus he did not know his counsel was ineffective for failing to investigate. While he was aware of counsel's deficiencies by the time of the probation-revocation hearing, the type of general questions asked at the probation-revocation hearing regarding counsel's performance were not sufficient

to conclusively refute the allegations in his motion for post-conviction relief. *See State v. Driver,* 912 S.W.2d 52, 55–56 (Mo. banc 1995) (general questions pursuant to Rule 29.04(b)(4) inquiry, such as whether counsel did everything movant wanted him to do, are too broad to conclusively refute claim of ineffectiveness).

Thus, the motion court erred in denying Movant's motion for post-conviction relief. His plea counsel provided ineffective assistance for failing to review discovery, and, but for this deficiency, he would not have pleaded guilty to the felony charge.

Point granted.

### Conclusion

We reverse the motion court's judgment denying Movant's Rule 24.035 motion. The judgment on Movant's conviction and sentence is vacated, and the cause is remanded for a trial.

LISA S. VAN AMBURG, P.J., concurs.

PATRICIA L. COHEN, J., concurs.