Travis **MURPHY, Appellant,**

v.

**STATE of Missouri, Respondent.**

ED 104012

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: February 14, 2017

Gwenda R. Robinson, St. Louis, MO, for appellant.

Josh Hawley, Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Gary M. Gaertner, Jr., Judge

Introduction

Travis Murphy (Movant) appeals from the motion court's judgment denying his Rule 24.035 [1] motion without an evidentia-

---

1. All rule references are to Mo. R. Crim. P. (2016), unless otherwise indicated.

ry hearing. Movant claims that the motion court erred in denying his request for post-conviction relief because plea counsel was ineffective for failing to reach a plea agreement with the State for a more lenient sentence and the plea court erroneously enhanced his stealing offense from a misdemeanor to a felony. We affirm.

## Factual and Procedural Background

This case involves convictions stemming from three separate crimes to which Movant pleaded guilty without a plea agreement (blind plea). First, in Cause Number 1422–CR01710–01, the State charged Movant as a prior and persistent offender with one count of the class C felony of burglary in the second degree, one count of the class C felony of stealing, three counts of the class A misdemeanor of stealing under $500, and one count of the class B misdemeanor of property damage in the second degree. The charges arose from an incident on May 6, 2014, when Movant and a co-defendant entered a building without permission and stole a laptop, a cell phone, $800 in currency, and the purses of three separate victims. In entering the building, Movant damaged a window and a screen.

Second, in Cause Number 1422–CR01719–01, the State charged Movant as a prior and persistent offender with two counts of the class A felony of robbery in the first degree, two counts of the class A felony of kidnapping, and four related counts of armed criminal action (ACA). The indictment asserted that on April 7, 2014, Movant and a co-defendant forcibly stole cell phones and currency from two victims, and in the course thereof displayed and threatened the use of what appeared to be a deadly weapon. For the purpose of facilitating the robbery, Movant confined the two victims for a substantial period.

At a plea hearing in February of 2015 on both Cause Number 1422–CR01710–01 and Cause Number 1422–CR01719–01, Movant acknowledged that he was pleading guilty without an agreement with the State, he knew the ranges of punishment, the trial court alone would decide the sentence, no one had promised him specific sentences, and he still wished to plead guilty. Movant agreed that he committed the crimes as described by the State and was pleading guilty of his own free will. The plea court accepted his pleas. Also at the plea hearing, Movant admitted to at least two prior convictions and agreed that he was currently on parole.

Third, at the sentencing hearing, Movant's counsel announced that since the prior plea hearing, Movant had been charged in a cold case, Cause Number 1522–CR00772, wherein the State charged Movant as a prior and persistent offender with one count of the class C felony of burglary in the second degree and one count of the class A misdemeanor of stealing under $500. The information stated that on May 21, 2012, Movant entered a building without permission and stole change from the purse of a victim who was not home. Movant acknowledged that he had committed the crime as described by the State, he understood the sentencing range, he was pleading guilty without a plea agreement, and no one had promised him a specific sentence. The court accepted his guilty pleas.

The State recommended concurrent sentences of a total of fifteen years on Cause Number 1422–CR01710–01 (burglary, felony stealing, misdemeanor stealing, and property damage charges); concurrent sentences of a total of thirty years on all counts in Cause Number 1422–CR01719–01 (robbery, kidnapping, and ACA charges); and concurrent sentences of a total of fifteen years on Cause Number

1522–CR00772 (burglary and misdemeanor stealing charges). Movant expressed his remorse and requested a total sentence of sixteen point four (16.4) years on all counts and charges.

The plea court sentenced Movant in Cause Number 1422–CR01710–01 to concurrent sentences of fifteen years on the burglary and felony stealing counts, of one year on the three misdemeanor counts, and of six months on the property-damage count, for a total of fifteen years. In Cause Number 1422–CR01719–01, the plea court sentenced Movant to concurrent sentences of twenty years on each of the robbery, kidnapping, and ACA counts. In Cause Number 1522–CR00772, the plea court sentenced Movant to concurrent sentences of fifteen years on the burglary count and one year on the misdemeanor stealing count, for a total of fifteen years. All three sentences were concurrent to each other, for a total sentence of twenty years.

Movant timely filed a motion for post-conviction relief under Rule 24.035 in all three cases. Appointed counsel timely filed an amended motion arguing Movant's plea counsel was ineffective for failing to reach more lenient plea agreements with the State for his three criminal cases than the total twenty-year sentence Movant received. Movant stated that at an evidentiary hearing he would testify he had requested that plea counsel attempt to obtain a plea agreement for probation or for a sentence of no more than a total of fifteen years, but that plea counsel failed to reach this agreement. Movant further argued that he was prejudiced by plea counsel's failure because there was a reasonable probability that had counsel negotiated a deal for less than twenty years, Movant would have accepted it.

The motion court denied Movant's Rule 24.035 motion without an evidentiary hearing, finding Movant failed to allege grounds, not refuted by the record, that would entitle him to relief. Specifically, the motion court found Movant's blind pleas were voluntary and his suggestions that his plea counsel might have been able to get a better deal or that the State might have agreed to a plea deal for less than a total of twenty years were "mere speculation." This appeal follows.

## Discussion

### Point I

In his first point on appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because plea counsel was ineffective for failing to reach a plea agreement with the State for a shorter sentence than the total twenty-year sentence he received. We disagree.

Our review of the motion court's ruling on a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. Weeks, 140 S.W.3d at 44. A motion court is not required to grant an evidentiary hearing unless the movant pleads facts that if true would warrant relief, the facts alleged are not refuted by the record, and the matter complained of resulted in prejudice to the movant. Stanley v. State, 490 S.W.3d 389, 392 (Mo. banc 2003).

After a guilty plea, our review is limited to a determination of whether the underlying plea was knowing and voluntary, and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea. Wilkins v. State, 802 S.W.2d 491, 497 (Mo. banc

1991); Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998). The movant bears the burden of proving his post-conviction claims by a preponderance of the evidence, and to prove ineffective assistance of counsel, the movant must show both that counsel's representation fell below an objective standard of reasonableness and that the movant was prejudiced as a result. Ervin v. State, 423 S.W.3d 789, 793 (Mo. App. E.D. 2013). To show prejudice after a guilty plea, the movant must show that but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pled guilty but would have insisted on going to trial. Id.

██ Movant here failed to meet his burden to show that any alleged ineffectiveness by his plea counsel affected the voluntariness of his guilty plea. See id. The record demonstrates that Movant's guilty plea was knowing and voluntary despite not occurring pursuant to a plea agreement. Movant specifically acknowledged at the plea hearing that he was pleading guilty without a plea agreement, the sentence would be decided by the court alone, and no one had promised him a specific sentence. After making these acknowledgments, Movant voluntarily entered a blind plea of guilty. Nothing in the record shows that but for plea counsel's alleged unreasonable conduct Movant would not have pleaded guilty but would have gone to trial. Movant does not allege that plea counsel failed to initiate negotiations for a plea deal or that plea counsel failed to communicate a plea offer, which could have affected the voluntariness of his plea. Cf. Smith v. State, 443 S.W.3d 730, 734 (Mo. App. S.D. 2014) (defendant is entitled to effective assistance of counsel in determining whether to accept offered plea deal). Rather, Movant merely speculates that perhaps plea counsel could have gotten him a better deal than the trial court's ultimate sentence, but this complaint does not implicate the voluntariness of his guilty plea, which is the issue before this Court. Where the record shows a movant would have pled guilty regardless of plea counsel's alleged ineffective assistance, the movant is unable to show prejudice from the asserted ineffectiveness. See Ervin, 423 S.W.3d at 794.

██ Further, the trial court did not err in denying Movant an evidentiary hearing, because Movant did not plead facts not refuted by the record that would warrant relief. Movant argues that it was feasible the State would have been open to negotiating a total prison term of less than twenty years and that the motion court should have allowed him to prove this assertion at an evidentiary hearing. Movant's claim here that the State might have been open to a more lenient plea deal is speculative and not a fact, and thus he was not entitled to an evidentiary hearing on his claims. "The purpose of an evidentiary hearing is to determine whether the *facts* alleged in the motion are accurate." Morrow v. State, 21 S.W.3d 819, 827 (Mo. banc 2000) (emphasis added). We note the seriousness of the crimes Movant committed— including armed robbery and kidnapping— as well as the fact that at the time Movant committed the offenses, he was on parole. The State requested a total sentence of thirty years, and Movant received a substantially shorter twenty-year total sentence.

The motion court did not clearly err in denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Point denied.

### Point II

██ In his second point on appeal, Movant, relying on State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016), argues that by enter-

ing a conviction on the charge of felony stealing over $500, the trial court erroneously enhanced his stealing offence from a misdemeanor to a felony and sentenced him to a term of imprisonment that exceeded the maximum punishment permitted by law. We cannot review this claim.

 Movant concedes that because he did not raise this claim in his amended Rule 24.035 motion it is not properly preserved for appellate review, but he requests plain error relief under Mo. R. Civ. Pro. 84.13(c), asserting that the unauthorized conviction and sentence resulted in manifest injustice. Plain error review, however, does not apply to claims that were not raised in the Rule 24.035 motion. Hoskins v. State, 329 S.W.3d 695, 699 (Mo. banc 2010). Rule 24.035(d) provides that "the movant waives any claim for relief known to the movant that is not listed in the motion." Here, Movant did not raise the felony enhancement issue in his amended Rule 24.035 motion, and we will not address this unpreserved claim.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

James M. Dowd, P. J., concurs.

Kurt S. Odenwald, J., concurs.