**Jeremy BURKHALTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

### No. ED 104633

Missouri Court of Appeals, Eastern District, **DIVISION FOUR.**

Filed: June 6, 2017

FOR APPELLANT: Randall Brachman, 1010 Market Street, Suite 1100, Saint Louis, Missouri 63101.

FOR RESPONDENT: Joshua Hawley, Shuan J. Mackelprang, 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102.

Before James M. Dowd, P.J., Kurt S. Odenwald, J., and Gary Gaertner, Jr., J.

## ORDER

PER CURIAM

Jeremy Burkhalter pleaded guilty in the Circuit Court of the City of St. Louis to one count of the class C felony of first-degree tampering and one count of the class D felony of resisting arrest. The court accepted his pleas and, after he admitted committing prior felonies, found him to be a prior and persistent offender. The court deferred sentencing so Burkhalter could be evaluated for possible participation in drug court. Burkhalter was admitted to drug court but was terminated from the program after a little over thirteen months. Subsequently, the circuit court sentenced Burkhalter to consecutive terms of fifteen years in prison for first-degree tampering and three years in prison for resisting arrest. Burkhalter filed a Rule 24.035 motion for post-conviction relief, which was denied without an evidentiary hearing. We now consider Burkhalter's appeal of the motion court's ruling.

Arguing that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing, Burkhalter raises two points on appeal: that (1) counsel rendered ineffective assistance by failing to object at sentencing that the court had violated Burkhalter's First-Amendment rights by enhancing his sentence based on his allocution—in which he requested mercy, stating that he wanted to be able to care for his two small children and his mother—and (2) the plea court

plainly erred by finding Burkhalter to be a prior and persistent offender.

Because the motion court did not clearly err in determining that Burkhalter's ineffective assistance claim is refuted by the record and does not entitle him to relief or even an evidentiary hearing, we affirm. We do not consider Burkhalter's second point because it was not preserved and there is no plain error review in appeals from the denial of relief under Rule 24.035. *Hoskins v. State*, 329 S.W.3d 695, 696 (Mo. banc 2010); *Murphy v. State*, 510 S.W.3d 876, 880-81 (Mo. App. E.D. 2017). We have concluded that an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).