**STATE of Missouri, Respondent,**

v.

**John R. EVANS, Jr., Appellant.**

**No. ED 104859**

Missouri Court of Appeals,
Eastern District,
DIVISION FIVE.

Filed: July 18, 2017

FOR APPELLANT: Amy E. Lowe, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101.

FOR RESPONDENT: Robert J. Bartholomew, Jr., Assistant Attorney General, PO Box 899, Jefferson City, Missouri 65102.

Philip M. Hess, Presiding Judge

## Introduction

John Evans ("Movant") appeals the motion court's denial, without an evidentiary hearing, of his Rule 24.035 [1] amended motion for post-conviction relief. In his sole point relied on, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts, unrefuted by the record, that his plea counsel was ineffective for failing to meet with him prior to the day before his guilty plea and failing to investigate his case. We affirm.

## Factual Background

On January 15, 2015, Movant stole a 2005 Jeep Liberty. The following day, the Prosecuting Attorney of the County of Ste. Genevieve obtained a warrant for Movant's arrest. Movant was arrested and taken into custody. On March 5, 2015, after waiving his preliminary hearing, Movant was charged by substitute information in lieu of indictment with the class C felony of stealing a motor vehicle, in violation of Section 570.030.[2]

On March 16, 2015, Movant met with his attorney ("Plea Counsel") in the Ste. Genevieve County jail to discuss his case. Movant told Plea Counsel he wanted to plead guilty. Although Plea Counsel urged Movant to wait before pleading guilty, Plea Counsel set Movant's case for arraignment on March 17, 2015. Plea Counsel also filed a motion for discovery on March 17, 2015.

Before Plea Counsel viewed discovery, Movant pleaded guilty as charged on March 17, 2015, pursuant to a plea agreement with the State. The court explained to Movant he was charged with a class C felony of stealing a motor vehicle as a prior and persistent offender and that he was subject to an enhanced range of punishment. Movant told the court he had not been mistreated, forced, coerced, or pressured to plead guilty, and that it was his decision alone to plead guilty. The court explained to Movant the rights he would be waiving by pleading guilty, and Movant stated he understood those rights and agreed he was voluntarily waiving them.

The court explained the factual basis for the charge. The court further stated Movant had five prior felony convictions, including one conviction for first-degree property damage, one conviction for sec-

1. Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2017).

2. Unless otherwise noted, all subsequent statutory citations are to RSMo 2000.

ond-degree burglary, and three convictions for first-degree tampering with a motor vehicle. Movant told the court he understood his charge, Movant admitted he had stolen the motor vehicle, and Movant admitted to having five prior convictions. Movant was informed the range of punishment was up to 15 years of imprisonment on the class C felony of stealing a motor vehicle charge. Movant waived his formal sentencing assessment report, and was sentenced to 12 years of imprisonment, to run concurrently with sentences he received from Perry County.[3]

After sentencing, Movant agreed he had all the time he needed to talk with Plea Counsel. He further agreed Plea Counsel did everything he wanted him to do, and did not refuse to do anything he wanted him to do. Movant told the court he was fully satisfied with the services of Plea Counsel. The plea court found no evidence of ineffective counsel.

Movant filed his *pro se* Rule 24.035 motion for post-conviction relief on August 13, 2015, alleging ineffective assistance of counsel. Appointed counsel filed Movant's Rule 24.035 amended motion on February 3, 2016, pursuant to a 30-day extension, alleging ineffective assistance of counsel for failure to meet with him prior to March 16, 2015, and failure to discover, prior to his guilty plea, that: (1) Movant was deprived of Lithium, his prescribed mania and paranoia medication, and (2) Movant was homeless at the time of the charged offense. Movant's amended motion included a request for an evidentiary hearing.

The motion court entered findings of fact and conclusions of law denying Mov-

ant's Rule 24.035 motion without an evidentiary hearing. The motion court found Movant's claim was "clearly refuted by the record" in that a waiver of preliminary hearing was executed by Movant and his Plea Counsel on March 3, 2015, indicating that Plea Counsel met with Movant prior to March 16, 2015. The motion court also found Movant's allegations that Plea Counsel failed to investigate his case refuted by the record because Movant acknowledged in his written plea agreement he took medications, namely Visterel, Paxil, and Nerotin, and that his mind was clear, and that Movant's public defender application, included in the record, disclosed his address as 537 Gray Street in Perryville, Missouri. The motion court further acknowledged that Movant told the court at sentencing that he had all the time he needed to speak with his Plea Counsel. This appeal follows.

### Standard of Review

A motion court's findings are presumptively correct. *Jones v. State*, 516 S.W.3d 447, 450 (Mo. App. E.D. 2017). Therefore, appellate review of post-conviction motions is limited to determining whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). Findings and conclusions are deemed clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007).

---

**3.** Movant's 12 year sentence for the class C felony of stealing a motor vehicle was ordered to run concurrently with sentences Movant received from Perry County, Missouri. The Perry County sentences were 5 years on Cause No. 14PR-CR00350-01, and 5 years on Cause No. 14PR-CR00354-01, both felony convictions for first degree tampering with a motor vehicle, to run consecutive with each other for a total of 10 years. Execution of those sentences was ordered suspended at the time the charged offense was committed. Movant subsequently had his probation revoked on those sentences on April 22, 2016.

An evidentiary hearing is not required on a post-conviction relief motion if the motion court determines that the motion and the files and records conclusively show the movant is not entitled to relief. Rule 24.035(h); *Brown v. State,* 67 S.W.3d 708, 709 (Mo. App. E.D. 2002). A hearing is merited only if: (1) the movant alleged facts, not conclusions, which merit relief; (2) the facts alleged are not refuted by the files and records in the case; and (3) the matters complained of resulted in prejudice to the movant. *Briley v. State,* 464 S.W.3d 537, 542 (Mo. App. E.D. 2015). If the movant fails to establish any of these factors, the motion court may deny an evidentiary hearing. *Boyd v. State,* 205 S.W.3d 334, 338 (Mo. App. S.D. 2006).

## Discussion

■ In his sole point relied on, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts, unrefuted by the record, that Plea Counsel was ineffective for failing to meet with him prior to the day before his guilty plea and failing to investigate his case. He complains Plea Counsel waived preliminary hearing on March 3, 2015, never having met with him outside of court. He further contends because of Plea Counsel's delay in investigation, Plea Counsel failed to discover, prior to his guilty plea, that: (1) he was deprived of Lithium, his prescribed mania and paranoia medication, and (2) he was homeless at the time of the charged offense. Movant argues his claim is not refuted by the record because none of the medications listed in Movant's written plea agreement include Lithium. Movant claims he was prejudiced in that but for Plea Counsel's ineffectiveness, Movant would have either gone to trial or had a reasonable chance at a better plea bargain.

The State argues the motion court did not clearly err in denying Movant's Rule 24.035 motion without an evidentiary hearing because: (1) Movant waived his claim for post-conviction relief by pleading guilty; (2) Movant failed to state sufficient facts showing he was entitled to relief; and (3) Movant's claim is refuted by the record. The State contends the record reflects Movant's guilty plea was knowing and voluntary, therefore his motion is without merit and should be denied.

■ When the movant's claim is one of ineffective assistance of counsel, he must satisfy the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jones,* 516 S.W.3d at 450. Under *Strickland,* the movant must demonstrate that: (1) his plea counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by that failure. *Stanley v. State,* 420 S.W.3d 532, 548 (Mo. banc 2014). "There exists a strong presumption that counsel's conduct was reasonable and effective." *Cherco v. State,* 309 S.W.3d 819, 825 (Mo. App. W.D. 2010). To prove prejudice in a Rule 24.035 motion, the movant must show "a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 826 (quoting *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

■ In pleading guilty, a movant generally waives any future complaint he might have "about trial counsel's failure to investigate his case." *Cooper v. State,* 356 S.W.3d 148, 153 (Mo. banc 2011). Movant's claim that he was denied effective assistance of counsel, therefore, is only relevant to the extent that it impinges on the voluntariness and knowledge with which the plea was made. *Nichols v. State,* 409 S.W.3d 566, 569 (Mo. App. E.D. 2013) (citations and quotations omitted).

In order to succeed on a claim of ineffective assistance of counsel based on inadequate preparation or investigation, [the movant is] required to allege what information plea counsel failed to discover; that a reasonable investigation or preparation would have resulted in the discovery of such information; and that the information would have aided or improved his defense.

*Gooch v. State,* 353 S.W.3d 662, 666 (Mo. App. S.D. 2011).

Because Movant pleaded guilty, consideration of his sole point on appeal is confined to whether the voluntariness and understanding with which he made his plea was inhibited by Plea Counsel's alleged failure to discover that Movant was deprived of Lithium and was homeless at the time of the charged offense. We agree with the State that Movant failed to state sufficient facts showing he was entitled to relief, and that Movant's claim is clearly refuted by the record.

We note initially that Movant concedes in his brief he told Plea Counsel he wanted to plead guilty during their meeting on March 16, 2015, even though Plea Counsel urged him to wait. As noted by the motion court, Movant and Plea Counsel waived preliminary hearing on March 2, 2015, refuting Movant's claim that Plea Counsel failed to meet with him prior to March 16, 2015. Additionally, as noted by the motion court, the probable cause statement was part of the court file at the time of the waiver of preliminary hearing, indicating some discovery had been made by Plea Counsel.

Nonetheless, Movant asserts that had Plea Counsel met with him before March 16, 2015, Plea Counsel would have discovered that he was deprived of Lithium. Movant claims the jail refused to comply with his requests for medication. Movant contends the only solution he saw to obtaining Lithium was to plead guilty on his charge with haste. Had Plea Counsel met with him at an earlier date, Movant argues Plea Counsel could have worked with the jail and his family to procure the Lithium and forestall a guilty plea out of desperation.

Movant next asserts that had Plea Counsel met with him before March 16, 2015, Plea Counsel would have discovered that he was homeless on the date of the charged offense. Movant contends "a man who is cold and out on the streets has a far more sympathetic reason for stealing a car and fleeing to warmer climes than someone merely out for some fun."

Plea Counsel's failure to discover Movant's deprivation of Lithium and alleged homelessness at the time of the charged offense did not fall below the objectively reasonable standard to which Plea Counsel is held. Movant failed to meet his burden to show that any alleged ineffectiveness by his plea counsel affected the voluntariness of his guilty plea. *See Murphy v. State,* 510 S.W.3d 876, 880 (Mo. App. E.D. 2017). Movant did not overcome the presumption that Plea Counsel's conduct was reasonable and effective, and therefore cannot establish the performance prong of *Strickland.*

In his motion, Movant failed to allege he told Plea Counsel of his deprivation of Lithium, or that an additional visit from Plea Counsel would have prompted him to disclose his need for medication. Similarly, Movant failed to allege he would have disclosed his alleged homelessness had Plea Counsel made additional contact. Notably, Movant does not reference how his Plea Counsel's failure to discover his deprivation of Lithium or his alleged homelessness at the time of the charged offense prevented him from knowingly and voluntarily entering his guilty plea. *See Greathouse v. State,* 859 S.W.2d 247, 249 (Mo. App. W.D. 1993) (holding that a movant's

"failure to reference how counsel's actions influenced the voluntariness of the guilty plea ... justifies denial of an evidentiary hearing and affirmance on appeal.").

 Movant also failed to meet his burden to show he was prejudiced by Plea Counsel's failure to discover his deprivation of Lithium and his alleged homelessness, therefore he cannot establish the prejudice prong of *Strickland*. This Court held in *Murphy* that where a "[m]ovant merely speculates that ... plea counsel could have gotten him a better deal than the trial court's ultimate sentence," the movant cannot show prejudice because the record shows the movant would have pleaded guilty regardless of plea counsel's alleged ineffectiveness. 510 S.W.3d at 880. Movant failed to allege that he would not have pleaded guilty and would have insisted on going to trial if Plea Counsel had discovered his deprivation of Lithium and his alleged homelessness. Instead, Movant claimed he "would have either gone to trial or had a reasonable chance at a better plea bargain." Therefore, Movant cannot establish the prejudice prong of *Strickland*, and the motion court did not clearly err in denying his Rule 24.035 motion without an evidentiary hearing.

Further, the motion court did not err in denying Movant an evidentiary hearing, because Movant did not plead facts not refuted by the record that would warrant relief. Rule 24.035(h); *See Nichols v. State*, 409 S.W.3d 566, 570 (Mo. App. E.D. 2013); see *Taylor v. State*, 456 S.W.3d 528, 533-34 (Mo. App. E.D. 2015); *Contra Roberts v. State*, 276 S.W.3d 833, 837 (Mo. banc 2009). In his written plea agreement, Movant acknowledged he took the following medications: Visterel, Paxil, and Nerotin. Movant omitted that he took Lithium. He agreed his mind was clear, and that his medications did not presently affect his ability to understand what he was saying, doing, or being told. Movant acknowledged

his previous treatment for mental illnesses, but agreed in his written plea agreement that he was mentally prepared to proceed with his guilty plea. Movant stated under oath at the time of the plea he had not been mistreated, forced, coerced, or pressured to plead guilty. Movant's concedes in his brief that his public defender application discloses his address as 537 Gray Street in Perryville, Missouri, and listed a phone number. Therefore, Movant was not entitled to an evidentiary hearing, and the motion court did not clearly err in denying his motion without evidentiary hearing.

The record supports the motion court's denial of Movant's post-conviction relief motion without an evidentiary hearing. This Court is not left with the firm impression that a mistake was made by the motion court, therefore, this Court does not find the motion court's findings and conclusions were clearly erroneous. Movant's point is denied. The judgment is affirmed.

Lawrence E. Mooney, J. and Roy L. Richter, J. concur.