**Christopher GALES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**ED 105345**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: November 21, 2017

Matthew J. Bell, 1010 Market Street, Suite 1100, St. Louis, MO 63101, for appellant.

Joshua D. Hawley, Mary H. Moore, PO Box 899, Jefferson City, MO 65102, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

## Introduction

Christopher Gales (Movant) appeals from the motion court's judgment denying his Rule 24.035 [1] motion without an evidentiary hearing. Movant claims the motion court erred in denying his request for post-conviction relief because plea counsel was ineffective for unreasonably pressuring him to plead guilty. We affirm.

## Factual and Procedural Background

The State charged Movant as a prior and persistent offender with one count each of first-degree assault, first-degree robbery, and first-degree burglary, and three counts of armed criminal action. The indictment alleged that on or about March 22, 2012, Movant and Montez Thomas (Thomas) knowingly and unlawfully entered the home of Richmond Lingard (Victim), forcibly stole a handgun from Victim, and caused Victim serious physical injury by shooting him, all with the use, assistance, and aid of a deadly weapon. Movant pleaded guilty pursuant to an agreement with the State.

At the guilty-plea hearing, the State asserted it would prove the following. Victim, an off-duty sergeant with the St. Louis Metropolitan Police Department, was home alone in the basement of his house when he heard someone upstairs. Victim was walking up the stairwell to investigate when he saw Movant come around the corner approximately six feet from him, whereupon Movant shot Victim with Victim's police-issued 9mm Beretta handgun that Movant had stolen. Victim attempted to exit his house but saw Thomas, also holding a gun, standing outside blocking Victim's escape route.

Victim and Victim's neighbor both identified Movant in a line-up. In a statement to police, Movant admitted to the burglary and robbery, and he admitted to shooting Victim's weapon in Victim's house. Following the State's recitation of its case, Movant agreed these facts were true. Movant attested that no one had made any threats, promises, or coerced him in any way to induce him to plead guilty. The trial court accepted Movant's guilty pleas on all six charges.

At the sentencing hearing, the court sentenced Movant, in accordance with the plea agreement, to concurrent sentences of life imprisonment in the Missouri Department of Corrections for the counts of assault, robbery, and burglary, consecutive to concurrent sentences of ten years' imprisonment for the three counts of armed criminal action, for a total term of life plus ten years. The court again asked Movant: "Other than the plea bargain, did any of your attorneys communicate any threats or promises, or did they coerce you in any other way to induce you to enter your plea of guilty?" Movant responded in the negative.

Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Through appointed counsel, he filed an untimely amended motion in which he argued his guilty plea was not knowing or voluntary because plea counsel unreason-

---

1. All rule references are to Mo. R. Crim. P. (2016), unless otherwise indicated.

ably pressured him to plead guilty by inducing fear of a longer sentence were he not to plead guilty. Movant asserted that were it not for this fear and coercion, he would not have pleaded guilty but would have proceeded to trial. He requested an evidentiary hearing. The motion court denied Movant's amended Rule 24.035 motion without an evidentiary hearing and without addressing the timeliness of the amended motion. On appeal, this Court reversed the motion court's judgment and remanded the cause for an abandonment inquiry into the untimeliness of Movant's amended motion.

On remand, the motion court found that post-conviction counsel had effectively abandoned Movant and that Movant played no role in the late filing of the amended motion. Accordingly, the motion court permitted the late filing of the amended motion. The motion court then denied Movant's amended Rule 24.035 motion without an evidentiary hearing, finding that Movant's allegations were clearly refuted by the record. Moreover, the motion court noted that if Movant had gone to trial or had pleaded guilty under a blind plea, the trial court would "very likely" have imposed a longer sentence in light of Movant's criminal history. This appeal follows.

### Discussion

■ On appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the record did not refute his allegation that his plea counsel was ineffective for unreasonably pressuring him to plead guilty. Movant further asserts that but for this undue pressure, he would not have pleaded guilty but would have proceeded to trial. Movant's claim is without merit.

■ Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. Weeks, 140 S.W.3d at 44. On review, the motion court's findings and conclusions are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). A motion court is only required to grant an evidentiary hearing if: (1) the movant pleads facts that, if true, would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant, Rule 24.035(h); Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003).

■ After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary, and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea. Wilkins v. State, 802 S.W.2d 491, 497 (Mo. banc 1991); Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998). The movant bears the burden of proving his post-conviction claims by a preponderance of the evidence, and to prove ineffective assistance of counsel, the movant must show both that counsel's representation fell below an objective standard of reasonableness and that the movant was prejudiced as a result. Ervin v. State, 423 S.W.3d 789, 793 (Mo. App. E.D. 2013). To show prejudice after a guilty plea, the movant must show that but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pleaded guilty but would have insisted on going to trial. Id.

Here, the court during the guilty-plea hearing and again during the sentencing hearing asked Movant if anyone, specifically including his attorneys, had threatened or coerced him into pleading guilty. Movant denied receiving any threats or coercion, directly refuting his claim in the Rule 24.035 motion. See Eberspacher v. State, 915 S.W.2d 384, 386-87 (Mo. App. W.D. 1996) (movant's own testimony at plea hearing can be used to "refute conclusively" his claim on appeal).

■ Moreover, it is a plea counsel's duty to explain to a defendant the range of punishment and that the defendant might receive a greater sentence if he does not plead guilty but insists on going to trial. Moore v. State, 207 S.W.3d 725, 731 (Mo. App. S.D. 2006). Mere prediction or advice of counsel regarding the possible sentence does not lead to a finding of legal coercion such that would render a guilty plea involuntary. Id. The motion court noted here plea counsel's advice was sound: had Movant not pleaded guilty but gone to trial, it was "very likely" the trial court would have imposed a longer sentence.

Thus, the record refutes Movant's claims on appeal, and the motion court did not clearly err in denying Movant's request for post-conviction relief without an evidentiary hearing. Rule 24.035(h); Weeks, 140 S.W.3d at 44.

Point denied.

## Conclusion

The judgment of the motion court is affirmed.

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.